The Fort Worth Street Railroad Company v. Thos. C. Witten by Next Friend.

No. 6202.

1. **Orphan's Right to Damages for Personal Injury.**—A minor whose parents were dead was taken care of by a stranger. In an action for damages for personal injuries to the minor by his next friend it was proper to refuse an instruction excluding damages for the period of his minority.

2. **Same.**—One taking care of a minor not his child and without adopting the child is not entitled to damages for personal injuries to the child for diminished capacity to labor during minority. The minor can recover for such damages.

3. **Charge.**—The court having charged that want of ordinary care on part of the street car driver causing the injury must be shown to entitle plaintiff to recover for damages so caused, it was not error to refuse a charge asked by the defendant that if the injury was caused through misfortune or misadventure the plaintiff could not recover.

4. **Damages.**—A verdict for personal injuries negligently inflicted upon a minor four years of age for seven thousand dollars held not excessive.

Appeal from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*R. M. Wynne* and *A. M. Carlin,* for appellant. — 1. The court erred

in not giving to the jury the charge as requested by defendant, "That if they believe from the evidence in this case that the plaintiff in this case is an orphan child, that both of its parents are dead, and that Thomas Witten had taken said child to raise, and for that purpose has taken him into his family as his child, and provides for, and supports, and cares for him as a parent, and was so doing at the time plaintiff was so injured, you are instructed in computing the damages for said plaintiff's reduced capacity to earn money by reason of such injury, if you should find that he was so damaged by the negligence of defendant company, its agents, and servants, you will not compute the time from the date of such injury to the time said plaintiff will arrive at the age of 21 years." Because the evidence showed that Thomas Witten had taken the child Thomas Crawford Witten to raise in his family, and though he had never adopted the said child by and through the forms of law, he had so adopted him in fact, gave him his name, and stood to him in all the relations of a father, and is entitled to his services and the value thereof during his (the said child's) minority. T. & P. Ry. v. Morin, 66 Texas, 225; Moritz v. Garnhardt, 32 Am. Dec., 762; Montgomery v. Sandech, 5 Sneed, 146; Brary v. Kibh, 31 Barb., 273; Davidson v. Goodall, 18 N. H., 423.

2. The court erred in not granting a new trial, because the verdict of the jury was not supported by the evidence, and was against the charge of the court, as the clear preponderance of evidence was in favor of defendant, and showed that the plaintiff was not injured by the carelessness or negligence of defendant, its agents and servants; and further, said verdict was for a sum grossly excessive.

*N. A. Stedman,* for appellee. — 1. Though Thomas Witten had taken the plaintiff to raise in his family, and though there was such adoption by him of the child that he stood in the relation of parent to the child, still he was not entitled to recover damages for the loss of the child's services during his minority. Schoul. on Dom. Rel., secs. 233, *et seq.*, 252, 258, 279; Moncrief v. Ely, 19 Wend., 405; Blanchard v. Ilsley, 120 Mass., 478; Wood on Mast. and Serv., p. 484, sec. 245; Note to Vaughan v. Rhodes, 13 Am. Dec., 716; Note to Carey v. Berkshire Ry., 48 Am. Dec., 624; Sedg. on Dam., 5 ed., p. 633; Field on Dam., 2 ed., p. 558; Roberts v. Connolly, 14 Ala. (N. S.), 235; Smith v. Dunston, 2 Watts, 474.

2. There was an abundance of evidence to support the verdict in finding that defendant's negligence produced the injuries sustained by plaintiff, and the damages assessed were not excessive. Stroud v. Springfield, 28 Texas, 651; Mitchell v. Matson, 7 Texas, 4; T. & P. Ry. v. Hardin, 62 Texas, 367; G. C. & S. F. Ry. v. Dorsey, 66 Texas, 148.

ACKER, PRESIDING JUDGE.—Thomas Crawford Witten, an infant about

four years of age, brought this suit by his next friend, Thomas Witten, against appellant to recover damages for personal injuries alleged to have been sustained in consequence of the negligence of appellant's agents and servants. It was alleged that the plaintiff's injuries were permanent, making him a cripple for life. Damages were laid at $12,000.

Appellant answered by general denial and plea of not guilty. The jury returned a verdict in favor of appellee for seven thousand dollars, and judgment was entered thereon, from which this appeal is prosecuted.

Appellant requested the following special charge, which was refused, and this is assigned as error:

"If you find for plaintiff you can take into consideration the loss of plaintiff's services only from its arrival at majority, if you believe the next friend of plaintiff, Thomas Whitten, had assumed towards the plaintiff the relation of father by adopting plaintiff, although such adoption may not have been according to law, it being the law that those standing in the relation of father to a minor are alone entitled to the services of such minor."

The plaintiff, who had no living parent, had been placed "by some church people" in the care and custody of Thomas Witten when he was quite young. Witten received the child into his family, gave him his name, and provided and cared for him as his own, but did not formally adopt him in accordance with the provisions of law.

Under this state of facts, was the plaintiff entitled to recover for his diminished capacity to earn money during his minority, or was Thomas Witten alone entitled to recover the value of plaintiff's service during his minority? If plaintiff's father had been living there is no doubt that the right to recover damages for his diminished capacity to earn money during his minority would have been with the parent alone. Railway Co. v. Morin, 66 Texas, 225. But can one who stands temporarily *in loco parentis*, and who may abandon that relation at any time, and upon whom there is no obligation, legal or moral, to maintain and support the infant, recover the value of an infant's services during his minority, and thereby defeat the infant's recovery for his diminished capacity to earn money during those years? To so hold would open a field for speculation in picking up orphaned waifs, permitting them to be exposed to injury, recovering for the loss of their services, and then throwing them back upon the charities of the world maimed and disabled for life.

The right of the parent to recover for the loss of the services of his minor child rests principally upon the doctrine of compensation. The parent being legally bound to support his infant child is held to be entitled to its services during minority, and may recover the value of such services when deprived of them by the wrongful act of another. Railway Co. v. Morin, *supra*.

Thomas Witten was neither morally nor legally liable for the support

of the plaintiff.    We are unable to conceive any reason in support of the doctrine that because a person of benevolent disposition had taken to his home and under his protection a homeless and orphaned infant and ministered to its necessities for a time, the infant would thereby be deprived of the right to recover compensation for personal injuries resulting in his diminished capacity to earn money in so far as such capacity was affected during his minority.

Under the second assignment of error it is contended that the court erred in refusing to give the following special charge:

"If you believe from the evidence that the injury to the plaintiff under all the facts and circumstances in proof before you was through misfortune and misadventure, and that the defendant's servants in charge of said car exercised under the circumstances ordinary care and diligence in the management and operation of said car at said time, then the jury are instructed that the plaintiff can not recover, and if you so believe find for the defendant."

Upon the question presented in this charge the court in its general charge instructed the jury as follows:

"If you believe from the evidence that the plaintiff Thomas Crawford Witten while crossing the line of defendant's railway was run against and knocked down by the mules drawing one of defendant's cars, and that said car ran over plaintiff's leg as alleged and injured him, and if you further believe that such injury was caused by the carelessness of the driver of said car, and that the plaintiff was at the time exercising that care which a person of his age would ordinarily use under like circumstances, and if you further believe that said injury might have been avoided by the use of ordinary care on the part of the driver of said car, you should find for plaintiff and assess his damages," etc.

Again, "You are instructed that the defendant's agent driving said car was only required to use such care and caution in driving the cars as a person of ordinary prudence performing the same service would usually exercise, and if you believe that the driver in charge of said car was at the time of the alleged injury using that degree of care which prudence required under the circumstances, and that the injury was not caused by negligence on his part, you should find for defendant."

We think the charge given was a proper exposition of the law and that the court did not err in refusing to give the special instruction asked.

Under the third assignment it is contended that the verdict is contrary to the law and the evidence and is excessive.    The court correctly instructed the jury as to the law applicable to the case, and we do not think the verdict contrary to the law so given.    We also think that the evidence sustains the verdict.    It is true that there is some conflict in the evidence as to the negligence of appellant's servant who was driving the

car at the time appellee was injured, but we think the preponderance of the evidence supports the verdict.

Appellee's injuries were very serious, making him a cripple for life. His suffering was intense and continued for many months.

Under the previous decisions of this court we can not say that the verdict was for an excessive amount. Ry. Co. v. Lowe, decided present term.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 4, 1889.