## SAN ANTONIO STREET RAILWAY COMPANY v. VALENTINE AND ANNIE MECHLER.

### No. 279.

1. **Pleading—Allegations as to Negligence.**

The petition in substance alleged, that defendant was engaged in operating electric cars upon West Commerce street, in the city of San Antonio, which was one of the principal thoroughfares of the city; and on the day named the two-year old child of plaintiffs was crossing said street in daylight, at the crossing of said West Commerce with Colorado street; and one of defendant's cars was running upon its road, on that street, at a rate of twelve miles an hour, and ran over and killed the said child; that the motorman in charge could have seen the child—running at that rate of speed; and that the killing was the result of the gross negligence of the defendant, its officers, agents, and employes. These allegations sufficiently charged negligence.. 632

2. **Immaterial Evidence.**

The admission of evidence, although irrelevant, is no ground for reversal where the admission or exclusion could not have affected the result. See example ..... .. .............. ......................... ... .......... 632

3. **Charge—Immaterial Error.**

Where no other result could have been reached by the jury upon the testimony, a defective charge on the question of negligence and the degree of care to be exercised by the defendant (an electric street car company) is no ground for reversal. See example ... .............................. 632

4. **Due Care—Duty of Street Car Company.**

A street car company is charged with the same degree of diligence as that resting upon a railroad company as to persons lawfully on its track at crossings of highways, which is ordinary care—such as a man of ordinary prudence would exercise under like circumstances ...................... 632

5. **Same—Outlook.**

Persons engaged in operating street cars must use ordinary care to see that the track is clear, to avoid collisions with persons and vehicles that may be upon the track or upon the street ......................... .......... 633

6. **Ordinary Care as Affected by Circumstances.**

The person operating a street railway car must exercise that amount of vigilance that a man of ordinary prudence would have exercised under the same circumstances. This may under some conditions require the use of every available means to avoid the injury, but it is after all ordinary care in degree..... .......... ......................................... 634

7. **Cases Discussed—Duty of Care by Railway.**

Railway v. Hewitt, 67 Texas, 480; Hays v. Street Railway, 70 Texas, 607; Artusy v. Railway, 73 Texas, 191, discussed as to care imposed upon persons operating street railway cars .................................... 634

**8. Duty of Conductor on Street Railway Car—Child Injured.**

    If a child be seen upon the track, the highest degree of diligence must be exercised to prevent injuring it.  The warnings of danger to a man upon the track could not be relied upon to protect a child unconscious of its danger and incompetent to understand the signals of danger...................... 635

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The pleadings and testimony are sufficiently stated in the opinion.

The paragraph of the court's charge complained of reads as follows:

"If, however, you believe from the evidence that the motorman of defendant was running said car carefully and properly when the said Leo Mechler was killed, and that said motorman was guilty of no negligence at the time said accident occurred, and that the death of said child was an unavoidable accident, the plaintiffs can not recover, and you will find a verdict in favor of the defendant."

At request of counsel for plaintiffs the following charges were given:

"1.  Street railways have no exclusive right to the use of the part of a street covered by their track, but all persons have the right to use the street for the purposes for which streets are ordinarily used, and from this fact such companies may expect that other persons will use the street, as they have the right to do, and it is therefore incumbent upon them to ascertain whether the track be clear.

"2.  It was the duty of defendant company to run its cars with care and be careful in crossing the streets; and where a child was upon the track of the company, it was the duty of the motorman in charge of running the car to exercise the highest degree of diligence in not running the car over said child.  And if said defendant company, through its agent, the motorman, failed to use such care and diligence as above stated, and said child was killed, then defendant company is responsible for such damages as the jury may assess under the facts proven.

"4.  It was the duty of the defendant company to exercise great care in running its cars and stopping them so as not to injure any person using the streets on which said cars ran.  So that if you believe from the evidence that the defendant street car company was negligent in not stopping the car when the child, Leo Mechler, approached the track where he was killed, you will find for the plaintiffs, and assess such damages as you may believe the plaintiffs are entitled to recover."

*Houston Bros.*, for plaintiff in error.—1.  In a suit for damages resting on a charge of negligence of the defendant, the specific acts of negligence must be alleged with that degree of certainty and distinctness as will enable the defendant to know and understand the wrongs

with which he is charged, and which he will be called upon to answer. Railway v. Hennessey, 75 Texas, 157; Railway v. Stebbing, 19 Am. and Eng. Ry. Cases.

2. The court erred in the fourth clause of the general charge, wherein the jury are instructed, that in order to find for defendant they must find that the motorman was running the car carefully and properly when the child was killed, and was guilty of no negligence, and that if the death of said child was an unavoidable accident, the plaintiffs can not recover, etc.; because said charge requires the concurrent existence of all the defenses pleaded to entitle defendant to recover, when in fact the existence of any one of said defenses was sufficient to entitle defendant to a verdict. Further, because the jury were particularly instructed to find for plaintiff if they should find negligence, even though such negligence might not have been the proximate cause of the killing.

The law is so well settled upon the points contained in this proposition that we consider no authorities necessary. If we are correct in our opinion of the effect the charge may naturally have had upon the jury, the case must be reversed.

3. It is the duty of a street railway company operating its cars over public streets of a city to exercise ordinary care to prevent accident to travellers or others using such streets, such as an ordinarily prudent person would exercise under like conditions. Street Railway Co. v. Witten, 74 Texas, 205; Railway v. McElmurray, 25 S. W. Rep., 324; Railway v. Welch, 25 S. W. Rep., 390; Booth on St. Ry. Law, sec. 306, and cases cited.

4. The care required by the street railway company to be exercised towards persons on its track is only such reasonable care as an ordinarily prudent person would exercise under like circumstances, and a charge based upon and requiring a higher degree of care before the jury could find for defendant is affirmative error, and can not be corrected by another charge correctly stating the degree of care required. The two charges being inconsistent, the jury would be left in doubt as to which rule of law they should follow, and for the same reason the defendant is not required to ask a special charge, as it would only be inconsistent with and contradictory of the charge already given, and would leave to the jury the choice of following the correct rule or the incorrect rule given by the court. Railway v. McElmurray, 25 S. W. Rep., 324; Railway v. Welch, 24 S. W. Rep., 390; Railway v. McDonald, 75 Texas, 41; Railway v. Kizziah, 23 S. W. Rep., 579.

5. The instruction of the court must be clear, distinct, and consistent in all its parts, so that the jury may fairly understand the law applicable to the cause on trial. Where such inconsistencies exist in the court's charge as would raise in the minds of the jury an uncertainty

of the rules for their guidance, it is reversible error. Railway v. Robinson, 73 Texas, 284; Railway v. Daniels, 1 Texas Civ. App., 699.

6. The street railway company is not responsible for injury resulting from an accident that could not be foreseen and avoided by the exercise of reasonable care. Railway v. Wort, 15 S. W. Rep., 40; Roller v. Street Railway Co., 19 Am. and Eng. Ry. Cases, 333; Moschek v. Railway, 71 Mo., 276; Booth on St. Ry. Law, sec. 323; Railway v. Henderson, 31 Am. and Eng. Ry. Cases, 559 (Colo.); Railway v. Heiskill, 13 Am. and Eng. Ry. Cases, 555 (Ohio).

*Wright & Summerlin*, for defendants in error.—1. The court did not err in overruling appellant's special exceptions to the appellees' second amended original petition. Railway v. Hennessey, 75 Texas, 155; Railway v. Brinker, 68 Texas, 500; Street Railway v. Cailloutte, 79 Texas, 341; Railway v. Warner et al., 84 Texas, 122; Brunswig & Co. v. White, 70 Texas, 504; Railway v. Barron, 5 Wall. (U. S.), 90; 3 Suth. on Dam., 282, 283.

2. The court did not err in giving the charges complained of. City Railroad Co. v. Hewitt, 67 Texas, 473; Street Railway Co. v. Cailloutte, 79 Texas, 341; Booth on St. Ry. Law, sec. 310; Whart. on Neg., sec. 389a.

BROWN, ASSOCIATE JUSTICE.—Considering alone the undisputed evidence given by plaintiffs' witnesses and the testimony of defendant's witnesses, the best state of case that can be made out of the facts for the defendant, the street railway company, is, that Leo Mechler, a boy child about 2 years old, was killed upon the defendant's railway track, in the city of San Antonio, by being run over by a car upon said track operated by employes of the defendant. The child was killed upon the crossings of Commerce and Colorado streets, and was by the car dragged at least twenty-seven feet after it was struck. The car had been stopped at a street crossing before reaching the crossing where the accident occurred, from which point the motorman saw children playing on the crossing where the child was killed, or at least on the street car track near the crossing, and they were warned to get off the track, and did so. The motorman swore that he saw the child Leo when about twelve feet from the track, when it (the child) turned and started in a fast run towards the track. The car was running at the rate of six miles per hour. The motorman testified, that he reversed the machinery of the car and put on the brake, and that the car could be stopped by this method in a distance from three to fifteen feet; but the superintendent of the company testified, that the car could have been stopped by this method in from two to ten feet if running six miles per hour.

There was conflict in the testimony as to the speed at which the car was running at the time, and also as to the efforts of the motorman to stop it.

Plaintiffs, Valentine and Annie Mechler, were father and mother of the child that was killed.

The defendant interposed a general demurrer, special exceptions, and a general denial, as well as a plea that plaintiffs were guilty of contributory negligence in permitting the child to be upon the street.

The demurrer and exceptions were overruled, and a trial resulted in a verdict and judgment for plaintiffs for $1750.

Upon the question of the negligence of the defendant the petition alleged, in substance, that defendant was engaged in operating electric cars upon West Commerce street, in the city of San Antonio, which was one of the principal streets or thoroughfares of the city, and on the day named the 2-year-old child of the plaintiffs was crossing said street, in broad daylight, at the crossing of said West Commerce and Colorado streets, and one of the defendant's cars was running upon its road on that street at the rate of twelve miles per hour, and ran over and killed the said child; that the motorman in charge of and operating the car could have seen the child, running at that rate of speed, and that the killing of the child was the result of the gross negligence of the defendant, its officers, agents, and employes.

It is true that these allegations are not grouped in the order here stated, but they are in the petition, and must be given effect without reference to the order in which they are stated.

The allegations, if true, showed facts from which a jury could find that defendant was guilty of negligence, and the demurrer and exceptions were properly overruled.

From the view that we take of the case, the ruling of the court in admitting the ordinance of the city in evidence was immaterial, because if the ordinance had been excluded the result would not have been affected thereby.

We do not approve the charge of the court in this case, or those given at request of plaintiffs, as to negligence of and the degree of care to be exercised by the defendant; however, we will not enter upon a critical examination of them, but will briefly state our views of the law applicable to the facts of this case.

A street car company has no right to the exclusive use of that part of the street upon which its track is laid, but all persons have an equal right to use the same for travel over and across the street. Such persons so using that part of the track are lawfully there, and the degree of diligence which the law imposes upon the street car company is the same as that resting upon a railroad company as to persons lawfully on its track at crossing of highway, which is ordinary care—that care which a man of ordinary prudence would exercise under like circumstances. Railway v. Smith, *ante*, p. 348; Street Railway v. Witten, 74 Texas, 202; Hays v. Street Railway, 70 Texas, 602; Street Railway v. Steen, 42 Ark., 321; Anderson v. Street Railway, 42 Minn., 490;

Winters v. Cable Railway, 99 Mo., 509; Railway v. McDonnell, 43 Md., 534.

Persons engaged in operating street cars must use ordinary care to see that the track is clear, and to avoid collisions with persons and vehicles that may be upon the track or upon the street. This rule is well expressed by the Supreme Court of Missouri, thus: "It is the duty of defendant's servants to be on the lookout and to take all reasonable measures to avoid injuries to persons who may be upon the streets. The duty to be on the watch is no more than ordinary care under such circumstances. The care to be used, to be ordinary care, must depend upon the surrounding circumstances." Winters v. Cable Railway, 99 Mo., 517. The person operating the car must exercise that amount of vigilance that a man of ordinary prudence would have exercised under the same circumstances. This may under some conditions require the use of every available means to avoid the injury, but it is after all ordinary care in degree, because a man of ordinary prudence under like conditions would do the same thing; yet it might be the utmost care or great care as regards the quantum of diligence, because the particular circumstances demanded that much.

In the case of Railway v. Hewitt, 67 Texas, 480, the court said: "It may be assumed as matter of law that it is the duty of a street railway company to know that the track in advance of its car is clear, and that it will be liable for any injury resulting from the want of this knowledge, unless its liability is defeated by contributory negligence of the person injured, or unless it appear that the person injured went upon the track so near the approaching car that the driver, by the exercise of care, could not avoid the injury after the person was seen or might have been seen. This involves the proposition that such a railway company is bound to use such diligence as will enable it to know whether the track in front of its car is clear, and if to this end the highest degree of diligence is necessary, it must be used. * * * In the case before us, the uncontroverted fact is, that the child was on appellant's track in front of the car. Whether it was seen by the driver is not shown, but we concur in the opinion of counsel for appellant, after a careful examination of the evidence, that the driver did not see it. It was his duty to exercise the highest degree of diligence to learn whether persons were on the track in advance of the car. * * * We are of opinion that the evidence was sufficient to authorize the jury to find that the car ran over the plaintiff through the negligence of the driver. If the appellant desired to rebut the case made by the uncontradicted evidence, or to show more fully the circumstances of the injury, it should have called as a witness the driver, who may be presumed to know the facts bearing on the question of his negligence. This was not done, nor his absence accounted for." The injury in that case occurred upon a public street in the

city of Galveston, in daylight, and the party injured was a small child. There was no evidence to show whether the driver saw the child or not, but the fact that the accident occurred upon a public street was sufficient evidence to establish negligence, because, unexplained, it would appear that, if in the exercise of ordinary care, he would have seen it.

From the whole opinion, it is clear that Judge Stayton had in mind the quantum of vigilance that must be exercised towards a child, and not the degree of care, as that term is used, to fix the standard by which the jury is to judge of the acts done on the particular occasion. In another part of the opinion it is said, after stating the contention of the appellant's counsel, that the child was not discovered until on the track: "Whether this was so was for the jury to determine. If, however, such was the fact, it was still proper that the appellant should have been held to that degree of care required in the charge, under which the jury may have come to the conclusion, even though the child suddenly entered upon the track but a short distance in front of the car, that the injury might have been averted had the driver used such care as the charge required, after the child was seen, or ought to have been seen.  *  *  *  A judgment will not be reversed on account of a charge correct when applied to the facts of a particular case, though as an abstract legal proposition it might not be correct when applied to a different state of facts."

In Hays v. Street Railway, 70 Texas, 607, it was held, that the degree of care to be exercised by the driver of a street car is ordinary care.  That was a case in which a boy 11 years old was injured.

In Street Railway v. Witten, 74 Texas, 205, a charge was approved as correct which was in this language: "You are instructed, that the defendant's agent driving the said car was only required to use such care and caution as a person of ordinary prudence performing the same service would usually exercise; and if you believe that the driver in charge of said car was, at the time of the alleged injury, using that degree of care which prudence required under the circumstances, and that the injury was not caused by negligence, you will find for defendant." Both of the cases last cited were decided by the Commission of Appeals and approved by this court, Judge Stayton being then a member of the court.

In Artusy v. Railway, 73 Texas, 191, Judge Stayton wrote the opinion of the court, and in that he distinguishes between the case of an adult and a child upon the track of a railroad company, in which it is shown, that when discovered upon the track the amount of diligence to be used towards a young child is very much greater than in case of an adult, which difference is based upon the soundest reasoning, as given in that case.  These subsequent decisions serve to show what the learned judge had in mind when he wrote the opinion in Railway v.

Hewitt. In fact, the opinion itself shows that he was not addressing himself to the question of the degree, but to the amount of care to be used.

If it was intended to hold in Railway v. Hewitt that the street railroad company was bound absolutely to know that the track was clear, why should it have been said that the company might have explained the transaction, when no contributory negligence could be imputed to the child? Why should it have been said that the jury might have found from the evidence that the injury could have been averted after the child was or could have been discovered? The place at which the accident occurred would call for great diligence in operating the car to prevent injuries to persons upon the street, and called for explanation. Yet if the duty was absolute, no explanation would excuse. The key, to the mind of the writer, lies in the further statement, in that opinion, that the judgment would not be reversed because there was technical error in the charge. The facts demanded the verdict under the law, and the court practically so held.

We think that, viewed in the light of the facts and considered as a whole, the opinion in the case of Railway v. Hewitt does not hold a doctrine different to that expressed in this opinion as to the degree of care required of the street railroad company.

There is no reason why the street car company should be charged with any higher degree of diligence to ascertain the presence of a child than of an adult. The greater diligence required in case of the small child arises out of the known want of capacity to take care of itself, and this duty can not be imposed until the character of the person imperiled is known. But when it is known that a young child is approaching the track with the apparent intention of crossing it in front of a moving car, or if it be discovered upon the track, the highest degree of diligence must be exercised to prevent injuring it. If a man approaches the track, the driver or person in charge may reasonably expect that he will stop before going upon the track, unless there is something to indicate that he is unaware of the presence of the car. The warning of the gong might be relied upon to give notice and arrest the course of an adult, or if he is on the track it may be expected that he will get off, unless it appears that he is helpless, or that he is not aware of the approach, and in the latter event the warning sound may be relied upon, because it is presumed that all adults are in possession of their senses, and have the ability to take care of themselves, and the discretion to comprehend the danger of the situation. In the case of the small child, every one knows that it has not mental or physical ability to protect itself, and must be regarded as one who is unable to extricate himself, and therefore the law requires that the person operating the car shall do everything in his power to prevent the injury. The warning would be useless for the child, because it has not

the capacity to comprehend it, and it becomes necessary to take the most effective method of averting the danger.

The undisputed evidence in this case, that of the motorman, shows that he could see the track from one block to another, and did see the children on the track of the railroad at or near the place of the accident, while standing a block away. He saw this child going away from the railroad track, and saw it when twelve feet from the track turn and start in a fast run, "as fast as it could run," towards the track, showing that it intended to cross the track in front of the car. If the child ran as fast as the car moved, six miles per hour, which is not very probable, the car must have run at least twelve feet after the motorman saw the child coming towards the track before it was struck and thirty-nine feet before the car stopped. He said he could stop the car in not exceeding fifteen feet when running at the rate of six miles per hour. When the car reached the child, if he was using all the power of the machinery to stop it, its speed must have been very slow, as it would have been within three feet of the outside limit for a full stop, but instead of stopping there the car ran at least twenty-seven feet after the child was struck, dragging it for that distance, showing conclusively by his own evidence that he did not use proper efforts, every means at his command, from the time he saw the child's danger, to prevent the injury. If the speed of the car had been checked before it reached the little child so that it would have run not more than three feet further, its momentum would have been so slight that it might not have killed it.

If under this state of facts the jury had found a verdict for the defendant the judge must have set it aside, as against the evidence; the negligence is too apparent from the undisputed facts to allow of any doubt. This being the case, we can not reverse the judgment because the charge of the court is not critically and technically correct. If there was any question as to defendant's liability it would be incumbent upon this court to see that the issues had been submitted under correct instructions; but since the verdict must have been the same under the law if properly given, the errors in the charge have done defendant no injury.

Other questions are presented, which, however, we need not notice, for the reason that they have been properly decided by the Court of Civil Appeals. There is no error in the judgments of the District Court and Court of Civil Appeals, and both judgments are affirmed.

*Affirmed.*

Delivered April 8, 1895.