SAN ANTONIO TRACTION COMPANY v. HENRIETTA COURT.

Decided January 7, 1903.

**1.—Street Railroads—Negligence—Injury to Child.**

Evidence held sufficient to warrant a finding that a street car motorman was negligent in failing to see a child that ran upon and obliquely along the track twelve feet in front of his car while it was moving slowly, or that he was negligent in failing to stop the car.

**2.—Same—Pleading and Charge.**

A charge that if the motorman failed to use ordinary care to discover the child on the track, or was negligent in failing to stop the car in time to avoid the injury after having discovered her on the track, plaintiff was entitled to recover, was warranted by pleadings which alleged that the motorman did not look in the direction that the car was going, but looked in an opposite direction, and that he well knew that the child was on the track in front of the car, and her dangerous and hazardous position.

**3.—Same—Evidence—Variance.**

Plaintiff's petition alleged that an injury resulting from the child being struck by a street car occurred at the crossing of a particular street, and the evidence showed that the child was injured at a point perhaps forty feet from such street. There was no objection interposed to the evidence, and defendant made no claim of surprise. Held, that there was no material variance.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyle,* for appellant.

*H. B. Salliway* and *J. R. Norton,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee, a minor, through her father, Henry Court, instituted this suit to recover damages inflicted upon her by a street car belonging to appellant, and obtained a judgment for $1000. It was alleged that the car was being run at a reckless rate of speed, and that the gong was not sounded on crossing St. Mary's street, and that the motorman negligently failed to look ahead for persons on the track, but looked in another direction, and thereby failed to discover the dangerous position of the child. The evidence discloses that the car was running slowly; that the child walked from the direction the car was coming, obliquely on the track, about twelve feet ahead of the car; that persons shouted to the motorman, and he looked towards them. There was evidence to the effect that the motorman was talking to another employe just before the child was hurt. At the time or just before the child was struck the motorman was looking towards people who were shouting on the sidewalk. One witness testified that the shouting came from the street, and the motorman was putting on the brake just before the car stopped. We find that the jury was justified in finding either that the motorman negligently failed to discover the child on or near the track in time to stop the car, or that he saw the child in time, but negligently failed to stop the car. The child was only four years of age, and was damaged in the sum found by the jury.

Among the appliances of modern civilization there is none perhaps that is attended with more constant danger to life and limb than the operation of street surface railroads in cities and towns by means of electricity. Operating, as they do, in the busiest and most frequented localities, propelled by a subtle and powerful agency, at a higher rate of speed than other vehicles allowed upon streets and thoroughfares, it has been found necessary to require of their operators a high degree of care and caution in their conduct towards pedestrians and those using other and different kinds of vehicles. Having in view the danger to human life in the operation of such cars, it is uniformly held that it is the duty of motormen in crowded city streets to be on the lookout, and to employ all reasonable means to avoid accidents, and to recognize and respect the equal rights of others to the use of the streets. Railway v. Hewitt, 67 Texas, 473, 3 S. W. Rep., 705, 60 Am. Rep., 32; Railway v. Mechler, 87 Texas, 628, 30 S. W. Rep., 899; Railway v. Renken, 15 Texas Civ. App., 229, 38 S. W. Rep., 829; Railway v. Thompson (Texas Civ. App.), 47 S. W. Rep., 1038.

The requirement of care, as above stated, applies to all adults or infants; but in the case of the latter of tender years, who have not reached the years of discretion, a higher degree of care is demanded when discovered in a position of probable danger. The same degree of care towards such an infant as would be required towards an adult would not be a defense to a charge of negligence, but would, as has been said, amount to what is termed "gross negligence." The employe of the carrier can, when he sees an adult approaching its track, usually indulge in the presumption that he is sane and will not place himself in a position of danger; but not so in the case of a child, who has not reached the years of discretion. No presumption can be indulged in in regard to such a child, but the carrier must govern its actions with a view to the unreasoning conduct usually evinced by that class of persons. Railway v. Hewitt, above cited; Evansich v. Railway, 57 Texas, 126; Cook v. Navigation Co., 76 Texas, 353, 13 S. W. Rep., 475, 18 Am. St. Rep., 52; Telegraph Co. v. Hoffman, 80 Texas, 420, 15 S. W. Rep., 1048, 26 Am. St. Rep., 759.

In the case of Railway v. Mechler, 87 Texas, 628, 30 S. W. Rep., 899, it is said: "When it is known that a young child is approaching the track with the apparent intention of crossing it in front of a moving car, or if it be discovered upon the track, the highest degree of diligence must be exercised to prevent injuring it." And when so discovered the sounding of gongs or ringing of bells would be no ground of defense, because to the child without discretion they would be meaningless, and nothing short of the greatest effort to stop the car and avert the danger would free the street car company from negligence.

It is the duty of street surface railway companies in cities and towns to keep a careful lookout for persons or vehicles, not only on the track, but those appearing likely to enter upon the track in proximity to the cars. Ordinarily railway companies have exclusive right to use their

tracks, except at crossings, and they may act on the presumption that their tracks will be clear, and yet even in their case the duty to keep watch on their tracks in front of moving trains is laid upon them. Street railways have the same right on the streets as the general public has, and no greater, and they must act with a view to the right of the public, and the duty rests upon them to see that their tracks are clear. In the Hewitt case it is said: "It may be assumed, as matter of law, that it is the duty of a street railway company to know that the track in advance of its car is clear, and that it will be liable for any injury resulting from the want of this knowledge, unless its liability is defeated by the contributory negligence of the injured person, or unless it appears that the person went upon its track at a place so near the approaching car that the driver, by the exercise of care, could not avoid the injury after the person was seen or might have been seen."

If the child was seen, or could have been seen by the exercise of care, approaching the track with the apparent intention of getting on the track, or if it was seen or should have been seen on the track and every effort was not used to prevent the injury, the company is liable. If the child was seen before or after getting on the track the street railway company will be held to a higher degree of care than in the case of an adult; for, while there was no proof as to the discretion of the child, it will be held, as a matter of law, that an infant of four years of age is lacking in that discretion which would warn it of the dangerous position occupied by it. As said by the court in the Cook-Navigation Company case, above cited: "In regard to a child of very tender years, it would be the duty of the court to declare that it could not be held in any manner accountable for its conduct." In case of crime, in this State, it is arbitrarily declared that a child under the age of nine years can not be convicted; and, while this applies to criminal cases alone, it would not, in the absence of proof, be a violent presumption that a child under nine has not sufficient discretion to be guilty of contributory negligence.

Under the facts in this case, the motorman must have seen the child approaching the track, and when it got on the track, with the car running at the slow speed it was, it is clear that by the use of ordinary care the car could have been stopped and the injury averted. If the motorman was engaged in conversation, or was looking to the sidewalks and away from the car track, and did not see the child approaching or on the track, he was derelict in his duty, and guilty of negligence which will be imputed to his master, and render it liable for the injuries inflicted upon the child. It is inconceivable that the motorman did not see the child as it approached the track, or when it got thereon, if he was attending to his duty. It is a significant fact that he was not placed on the stand nor was his absence accounted for. Under the evidence the jury was justified in concluding either that the motorman saw the child both before and after it reached the track, and that he did not

use proper efforts to prevent injury to the child, or that he was negligent in not keeping a watch on the track in advance of the car.

It is claimed in the second assignment of error that the court erred in charging the jury that liability would attach to appellant if the jury found "that the motorman, in charge of said car, failed to use ordinary care to discover Henrietta Court upon its track, or that said motorman was guilty of negligence in failing to stop said car in time to avoid injury to said Henrietta Court, should you find she was injured, after having discovered her upon the track." The ground of objection is that there was neither pleading nor evidence in the case raising such issue.

It was alleged that the motorman did not look in the direction the car was going, but in the opposite direction, and that he "well knew that plaintiff was upon the track in front of said car, and well knew plaintiff's dangerous and hazardous position." These allegations were a sufficient basis for the charge, and, as we have seen, the allegations were supported by the evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The pleadings form a sufficient basis for the evidence introduced. There was no objection interposed to the evidence, and appellant did not claim surprise at the evidence showing that the child was injured at a point perhaps forty feet from St. Mary's street when the petition alleged that it occurred at the crossing. If appellant was misled by the allegations in the petition as to where the child was hurt, it should have asked the court to allow it to withdraw its announcement and continue the case. Brown v. Sullivan, 71 Texas, 470. There was in fact no material variance between the allegations and proof. One witness located the accident about forty feet from St. Mary's street. Another said he got on the car about the middle of St. Mary's street, and that the car was stopped about thirty-five feet from where he got on. The car was not stopped until after the child had been injured. The gist of the action was negligently running over an infant on the streets of a city.

It is contended that the facts do not indicate that the car was moving slowly at the time the child was struck. One witness swore: "The car was going very slow, about as fast as a man could walk; just then the car struck the child." Another witness swore: "The car was not going fast; it was running at an ordinary speed. I wasn't paying any attention to the speed of the car." Another witness swore that he got on the car just across St. Mary's street from where the child was injured and stated: "When I got in and went to my seat the car was going very slow." These were the only witnesses as to the speed of the car, and it is apparent that this court is justified in finding that the car was moving slowly when the child was struck.

The evidence is sufficient to establish that if any care had been exercised by the motorman he would have seen the child before it got on the track, and that even after it got on the track, about twelve feet ahead of the car, it could with proper diligence have been stopped before it struck the child. This is not a case of a child springing suddenly on the track in front of a moving car, but is one in which the child moved along the track and then went obliquely on it about twelve feet from the car. The evidence tends to show that the motorman was not looking along the street, where he should have looked, but was either absorbed in a conversation or looking towards the sidewalk.

There is no merit in the motion for rehearing, and it is overruled.

*Overruled.*

Writ of error refused.