## WEIMHOLD v. HYDE.   (No. 2830.)

Court of Civil Appeals of Texas. Amarillo. May 11, 1927.

1. **Partnership ⚖═200—Son under 14, claimed to be partner of defendant carrying on business under assumed name, held not necessary party.**

In suit against defendant trading under assumed name, defendant's plea of nonjoinder of necessary parties because of failure to make son under 14 party *held* properly overruled, though son was claimed to be partner.

2. **Parent and child ⚖═5(1)—Parent has right to services of minor child during minority.**

Parent has right to services of minor child during period of its minority, right being based upon doctrine of compensation resulting from liability to support child.

3. **Parent and child ⚖═5(1)—Father's creditors may subject earnings of unemancipated minor to satisfaction of their claims.**

Until minor has been emancipated, minor's earnings belong to father, and father's cred-

itors may subject them to payment of their claims.

4. **Infants ⚖═9—Emancipation of boy under 14 is not presumed.**

Emancipation of boy under 14 years of age cannot be presumed.

5. **Appeal and error ⚖═731(5)—Assignment that verdict is against evidence held too general.**

Assignment that verdict of jury is contrary to evidence *held* too general for consideration on appeal.

6. **Witnesses ⚖═345(2)—Cross-examination as to whether witness was charged with making and cashing bad checks held improper.**

Cross-examination of witness as to whether he was not charged by complaint with making and cashing bad checks *held* improper for purpose of impeachment.

7. **Constitutional law ⚖═34—Constitutional provision giving lien for value of labor and materials held self-executing (Const. art. 16, § 37).**

Const. art. 16, § 37, providing lien for mechanics, artisans, and materialmen for value of labor and materials, *held* self-executing.

8. **Mechanics' liens ⚖═288(1)—Where jury found existence of debt and performance of labor, court could enter judgment foreclosing mechanic's lien (Const. art. 16, § 37).**

Where in suit to establish and foreclose mechanic's lien under Const. art. 16, § 37, existence of debt was found by jury and fact of performance of labor, trial court could, as court of equity, enter judgment foreclosing lien.

Appeal from Lamb County Court; E. N. Burrus, Judge.

Suit by Jack Hyde against H. H. Weimhold, in which defendant interposed a cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Dryden, of Sudan, for appellant. John H. Wood, of Amherst, for appellee.

RANDOLPH, J. Appellee, as plaintiff, filed this suit in the county court of Lamb county to recover from appellant, as defendant, certain money alleged to be due him for his personal services, claiming a constitutional lien upon the equipment of the Sudan News, a newspaper published in Sudan, Lamb county, Tex., and praying for a foreclosure of such lien.

Defendant raised the question of nonjoinder of necessary parties defendant, by sworn plea, setting up the fact that he had complied with the "assumed name" statute; that his son, who was under 14 years of age, was his partner in said enterprise; also pleading payment of the account sued on and a cross-action for debt owing him by plaintiff.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On trial before a jury the court rendered judgment in favor of the plaintiff for the sum claimed by him, for a foreclosure of his lien, and also against the defendant on his plea of want of necessary parties and on his cross-action for debt. It is from that judgment the appeal is taken.

[1] The defendant's assignment of error, presenting the plea of nonjoinder of necessary parties because of the failure to make his son, who was his partner, a party, cannot be sustained. The affidavit appellee filed with the county clerk, that the assumed name. "Sudan News," was used by the appellant and his son as partners, rests upon the claim of such partnership with a minor. Appellant accounts for his son's interest in the publication by testifying that the said son had paid for such interest with money earned by him from the sale of peanuts and pop corn.

[2] The parent has the right to the services of his minor son, and such right rests primarily upon the doctrine of compensation. The parent, being legally bound to support his infant child, is held to be entitled to its services during minority. Texas, etc., Ry. Co. v. Morin, 66 Tex. 225, 18 S. W. 503; Fort Worth Street Ry Cò. v. Witten, 74 Tex. 202, 204, 11 S. W. 1091.

[3, 4] Until the minor has been emancipated, his earnings belong to his father, and the creditors of the latter have the right to subject them and the property in which they are invested to the satisfaction of their claims. Harper v. Utsey (Tex. Civ. App.) 97 S. W. 509; Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S. W. 259, 23 Am. St. Rep. 327. There is no evidence of any emancipation of the minor in this case, and, the boy being of such tender age, none can be presumed.

[5] The assignment that the verdict of the jury is contrary to the evidence is too general for our consideration. This has been held so often that it is not necessary to cite authorities.

[6] The assignment charging error on the part of the trial court in refusing to require the plaintiff while on the witness stand to answer the question, "Is it not a fact that you now stand charged by complaint in Lamb county with the making and cashing of bad checks?" cannot be sustained. The trial court ruled correctly in refusing to permit the witness to answer this question. The alleged purpose of the evidence was to impeach the witness, and such testimony is not admissible for that purpose, and was wholly immaterial to any issue in the case. M., K. & T. Ry. Co. v. Creason, 101 Tex. 335, 107 S. W. 527.

[7, 8] It was not necessary for the trial court to submit the issue as to whether or not the appellee had a lien on the equipment of the Sudan News. Beyond proof of the fact of the existence of the debt, which was found by the jury, and the fact of the labor having been performed, there was no way of submitting the question of constitutional lien to the jury. The provision of the Constitution, article 16, § 37, is self-executing, and it was proper that the trial court, as a court of equity, should enter judgment foreclosing such constitutional lien. Wichita Falls Sash & Door Co. v. Jackson (Tex. Civ. App.) 203 S. W. 100; City National Bank v. Laughlin (Tex. Civ. App.) 210 S. W. 617.

Having considered all assignments and propositions, and finding no reversible error, we affirm the judgment of the trial court.