## KLEBER et al. v. PACIFIC AVE. GARAGE.
## No. 11447.

Court of Civil Appeals of Texas. Dallas.
March 31, 1934.

Rehearing Denied May 5, 1934.

Martin B. Winfrey and Philip I. Palmer, both of Dallas, for appellants.

R. G. Storey and E. Taylor Armstrong, both of Dallas, for appellee.

LOONEY, Justice.

Appellee, Pacific Avenue Garage, a corporation, sued F. M. and W. B. Kleber, appellants, to recover damages for the breach of a verbal lease of a vacant lot in the city of Dallas.

Appellee alleged, in substance, that, on or about June 1, 1926, it leased from appellants for a period of one year, the lot in question (expiration date, on or about June 1, 1927) to be used in the business of storing, washing, and greasing automobiles, and equipped the same for such uses at a cost of $1,000, by placing thereon a corrugated iron shed, graveling the ground, erecting a cement wash rack, and making sewerage connections; that on February 16, 1927, appellee was ejected under a writ of sequestration sued out in an action of trespass to try title by appellants to recover possession of the premises; that the improvements placed on the lot were damaged $250, by reason of the termination of the lease; and that, as a result of the eviction, appellee was deprived of profits from its business of washing, greasing, and storing cars, $2,500, making a total of $2,750 actual damages sought.

Appellants answered by general denial and specially pleaded that the lot was not leased for a year, but that appellants simply gave appellee permission to occupy same from month to month at $50 per month, and that, having leased the lot to another party, demanded of appellee possession thereof, which, being refused, appellants instituted an action of trespass to try title, and dispossessed appellee under a writ of sequestration; that, if appellee was damaged as alleged, it was through no fault of appellants, but could have been avoided had appellee complied with the agreement.

Appellee's right to recover being dependent upon proof that the lot was leased for a year, the court submitted the case on that theory; the issues and answers of the jury are these:

"No. 1. Do you find from a preponderance of the evidence that the defendant leased to the plaintiff the property described in plaintiff's petition for a term of one year beginning June 1, 1926? Answer 'yes' or 'no.' Answer: 'Yes.'

"If you have answered the foregoing special issue 'No,' you need not answer the following special issues, but if you have answered the foregoing special issues 'Yes,' then you will please answer the following special issues:

"No. 2. What amount, if any, do you find from a preponderance of the testimony the plaintiff was damaged by the removal of the improvements from the property before the expiration of said lease? Answer in dollars and cents, if any you find. Answer: $300.00 (Three Hundred Dollars).

"No. 3. What amount, if any, do you find from a preponderance of the testimony the plaintiff was damaged in the loss of profits from washing and greasing cars? Answer in dollars and cents, if any you find. Answer: $1,000.00 (One Thousand Dollars)."

Based on these answers, judgment was rendered for appellee for $1,300, from which appellants appealed.

Although the issues are few and simple,

814

appellants urged numerous objections to the charge, which were overruled; requested a number of special issues, these were refused; and assigned numerous errors. However, their position on appeal, as revealed in the concluding paragraph of the brief, may be summarized as follows: That the court erred in refusing to instruct a verdict in their favor, because of a fatal variance between the allegations and proof; that they were deprived of the benefit of defenses in mitigation of damages, by the refusal of requested issues raised by the evidence; that the court erred in refusing to define the phrase "preponderance of the evidence," used in the charge; that the verdict of the jury was an arbitrary assessment, without foundation in fact or in law; and that by reason of various other errors appellants were deprived of a fair trial.

Appellants' contention that there is a fatal variance between the allegations and proof is based upon the fact that appellee alleged that heretofore, to wit, on or about the 1st day of June, A. D. 1926, defendants entered into a lease contract with plaintiff, to expire one year after date, the expiration date alleged being on or about June 1, 1927, etc.; whereas the evidence showed that the agreement was entered into in March or April, 1926, appellee to equip the lot for use, the lease period to begin when the improvements were completed, alleged as on or about June 1, 1926.

The verbal lease for a year, to begin in the future, is not objectionable (Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51; 20 Tex. Jur. § 47, p. 259), and we fail to find a material or misleading variance between the allegations and proof. The evidence tended to establish, and in the estimation of the jury did establish, the substance of the issue as pleaded, thus satisfying the rule. A variance, to be fatal, must be a substantial, misleading, and prejudicial departure. See Texas & N. O. Ry. Co. v. Weems (Tex. Civ. App.) 184 S. W. 1103; Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 548.

Appellants requested the court to define the phrase "a preponderance of the evidence," used in its charge. This request was refused, and error assigned, which we overrule. See Commercial Standard Ins. Co. v. Caster (Tex. Civ. App.) 59 S.W.(2d) 931; Tinsley v. Metzler (Tex. Civ. App.) 44 S.W.(2d) 820; American Fidelity, etc., Co. v. Williams (Tex. Civ. App.) 34 S.W.(2d) 396; Stine Oil & Gas Co. v. English (Tex. Civ. App.) 185 S.

W. 1009; Galveston, etc., v. Blumberg (Tex. Civ. App.) 227 S. W. 734.

Objection is urged that the charge was upon the weight of evidence, in that it assumed that appellee had been damaged. The language of the charge objected to asked the jury "What amount, if any, do you find from a preponderance of the testimony the plaintiff was damaged? * * * Answer in dollars and cents, if any you find." This assignment is also overruled.

Appellants say that the answers of the jury to special issues Nos. 2 and 3 are either not supported by evidence or against the great preponderance of evidence, and that by their submission and the refusal of various special issues requested the jury was deprived of an opportunity to find facts in mitigation of any damages suffered by appellee.

These issues will be considered separately. Issue No. 2 reads: "What amount, if any, do you find from the preponderance of the testimony that plaintiff was damaged by the removal of the improvements from the property before the expiration of said lease? Answer in dollars and cents, if any you find." To which the jury answered "$300.00."

The only basis we find in the pleadings for the submission of this issue is an allegation that the "reasonable damage to said improvements (placed upon the lot by appellee) for the expiration of said lease was the sum of $250."

This language is ambiguous, and it nowhere appears how or why the improvements were damaged by reason of the eviction of appellee prior to the termination of the lease; besides, we fail to find evidence showing that appellee was in fact damaged in this respect. After the eviction under the writ of sequestration, the improvements placed upon the lot by appellee were torn down by appellants; these necessarily would have been torn down and removed by appellee at the end of the year, if its occupancy had not been interrupted, and it was not alleged or proven that the materials were damaged or rendered useless. There is evidence that appellee used some of the material afterwards, and, while the corrugated iron was punctured by nails, this would have been its condition if the sheds had been torn down by appellee. This element of damage is not to be confused with the loss of profits allegedly suffered by appellee, submitted in another issue. We conclude, therefore, that issue No. 2 was not authorized by either pleading or proof, and that the finding and judgment, in so far as based thereon, were unauthorized.

■ Special issue No. 3, also brought under review, reads: "What amount, if any, do you find from a preponderance of the testimony, the plaintiff was damaged in the loss of profits from washing and greasing cars? Answer in dollars and cents, if any you find." To which the jury answered "$1,000.00."

This issue was objected to as being too general and indefinite, and a number of special issues containing explanations and definitions were requested. The court overruled all objections and refused all requested issues. In the status of the pleadings and proof, we think the issue was properly submitted, and that the answer of the jury was authorized by evidence. The issues requested in the main called for evidentiary findings and, if given, would, in our opinion, have left the jury in a maze.

After a careful consideration, we overrule all assignments except those relating to issue No. 2 above discussed, which we sustain, and accordingly reform the judgment below by eliminating the sum of $300, damages found by the jury in answer to issue No. 2, and, as reformed, the judgment is affirmed for $1,000. However, all costs of appeal will be taxed against appellee, for which execution may issue.

Reformed and affirmed.