**CITY NAT. BANK OF SAN SABA et al. v. PENN et al.**

Motion No. 8325; No. 8161.

Court of Civil Appeals of Texas. Austin.

Feb. 19, 1936.

Rehearing Denied April 1, 1936.

N. C. Walker, of San Saba, for plaintiff in error City Nat. Bank of San Saba.

F. R. Gray, of San Saba, for plaintiff in error Mike Houston.

G. A. Walters, of San Saba, for defendants in error.

BLAIR, Justice.

Defendants in error, Mrs. Lona Penn, joined pro forma by her husband, J. C. Penn, herein called appellees, brought this suit to recover the amount due on a $525 note against T. A. Houston as maker, and Mrs. S. E. Norment, deceased, having during her lifetime signed the note as surety; Mike Houston was sued as the independent executor of her estate to subject the same to the payment of this surety obligation; and W. W. May was sued as indorser, he, as payee in the note, having before maturity and for value sold and delivered the note to Mrs. Lona Penn. T. A. Houston also executed a written instrument to Mrs. S. E. Norment whereby he agreed that if because of his death, inability, or refusal to pay the note and she had to pay it, then the amount so paid by her would be charged as an advancement against his interest in her estate. Judgment was rendered as prayed for by appellees; the decree directing the order in which the sheriff should levy on the properties of the several parties defendant in accordance with the advancement agreement and with their respective liability as maker, surety, and indorser of the note.

Mike Houston impleaded the City National Bank of San Saba, and answering as an intervener it set up as superior to any right of appellees a deed of trust lien executed by T. A. Houston to it, which covered his undivided interest in the estate of Mrs. S. E. Norment, deceased; and by separate pleadings both Mike Houston and intervener bank alleged that the suit on the note could not be maintained against Mike Houston as independent executor of said estate, because he had voluntarily abandoned or surrendered his executorship, and had divested himself of the possession, control, management, and title of all property belonging to said estate under a written agreement between himself and all the devisees of said estate; and because the estate had passed out of his hands as independent executor under a decree of the district court of San Saba County, Tex., which partitioned between the devisees of the will of Mrs. S. E. Norment, deceased, her

entire estate, prior to the filing of this suit on the note. Both Mike Houston and intervener bank have appealed by writ of error, and here contend that the evidence showed as a matter of law that the said estate had passed out of the hands of Mike Houston as independent executor of said estate prior to the filing of this suit on the note. We do not sustain the contention.

Mrs. S. E. Norment first married J. T. Houston, and of this union there were seven children, four sons and three daughters, all of whom are still living. After Houston's death, his widow, the said Mrs. S. E. Norment, married A. G. Norment, and of this union there was one daughter, who is still living, and is now Mrs. Vida Ratliff. A. G. Norment disappeared in 1887, and has never been heard from since that time. Mrs. S. E. Norment died March 9, 1929, leaving a will by which Mike Houston, a son, was named independent executor without bond. On May 31, 1929, the will was duly probated, and Mike Houston duly qualified as independent executor and took possession of all the estate as such independent executor. The estate consisted of a "home place" in Cherokee, San Saba county, Tex., which testatrix bequeathed to her daughter Mrs. Nora Arrott; about 3,000 acres of land in San Saba county, some of which was the community estate of each of her marriages, but most of it was her separate property; several hundred dollars in money, and a small amount of personal property, all of which were bequeathed, except small bequests of personal property, to the eight children of Mrs. Norment, share and share alike.

Shortly after Mike Houston qualified as independent executor, some of the devisees became dissatisfied and wanted him to give bond. This he refused to do, and told all of them that he would have nothing further to do with the estate. On June 8, 1929, a written agreement was executed between Mike Houston and all the devisees, whereby they agreed to sell or lease all or any part of the real estate on such terms and conditions as a majority of said devisees might agree upon. This instrument was recorded in San Saba county. On the same day, four of Mike Houston's brothers and sisters, all nonresidents of San Saba county, executed a power of attorney to him with full power to sell or lease any or all the real estate. Later, Mike Houston, individually and as independent executor of the estate of Mrs. S. E. Norment, deceased,

joined by his brothers and sisters, sued their half-sister, Vida (Norment) Ratliff, and her husband, Lon Ratliff, A. G. Norment and his unknown heirs, in trespass to try title for all the real estate citing Norment and his unknown heirs by publication; and also sought to partition the real estate between the eight heirs and devisees of the will of Mrs. S. E. Norment; and on October 23, 1929, the title to the real estate was vested in the eight heirs and devisees in accordance with their respective interests in the 3,000 acres of land under the law of descent and distribution applicable to the facts and in accordance with the terms of the will; and the preliminary "decree of partition," describing the interest of each person entitled to share in the estate, was entered on October 23, 1929. The judgment further recited that the property was not susceptible of partition in kind, and it was ordered sold and the proceeds partitioned; the court appointing Mike Houston as sole commissioner to sell the land, and required him to give a $5,000 bond for the faithful performance of his duties as commissioner. He never executed or filed the bond. Nothing further has been done with regard to the partition of the property. Although he brought the suit as independent executor, Mike Houston filed no final accounting of the estate, and the judgment made no provision for retaining enough money or property to pay the debts due or that might be thereafter established against the estate, as required by statute. Articles 3442 and 3604, R.S.1925. The money then on hand was alleged to be $550, which was later used to purchase the one-eighth interest of Mrs. Vida Ratliff in the estate, for the remaining seven children and devisees by agreement of all devisees. After the decree of partition, Mike Houston, individually and as attorney in fact for the four brothers and sisters who gave the power of attorney to him, executed a lease for one year of part of the real estate. The following year Mike Houston, for himself "and for the heirs of" Mrs. S. E. Norment, deceased, executed a one-year lease of the property. Neither of the heirs has ever been in possession or control of any of the real estate, and except to execute the agreement that a majority consent in the sale or lease of the real estate and the power of attorney to Mike Houston by four of the devisees, neither of the devisees has ever exercised any control or management of the land; but Mike Houston has at all times been in

possession and complete control of the land and entire estate of Mrs. S. E. Norment, deceased, and was so in possession and control of said estate at the time this suit was filed and tried.

■ It is manifest that the written agreement between all the devisees, to require the consent of a majority of the devisees before the real estate would be sold or leased, did not divest Mike Houston of the possession and trusteeship of the estate as independent executor. As concerns the right of creditors of the estate, he could not resign such executorship or trusteeship by merely telling the devisees he would have nothing further to do with the estate. He made no application to the court to resign; nor did he make a formal resignation of any sort, but merely agreed that, in selling or leasing the real estate, he would abide the decision of a majority of the devisees as to the terms and conditions of the sale or lease, and four of the devisees gave him a power of attorney to act for them in selling or leasing the land; and in accordance with this agreement and power of attorney he executed 2 one-year lease contracts of the land. And as further evidence he had not resigned nor voluntarily surrendered his independent executorship of the estate, he later brought suit in the district court of San Saba county in trespass to try title and for partition of the estate, which suit he brought as one of the plaintiffs individually, and as the independent executor of the estate of Mrs. S. E. Norment, deceased; and the judgment was for him individually and as independent executor of said estate.

■ Nor did the preliminary decree of partition divest Mike Houston of his independent executorship of the estate. To have done so the partition decree must have been entered in accordance with the statutes applicable to partition and distribution of estates under an independent executor. The rule is settled that where a will does not distribute the entire estate of the testator or testatrix, or provide a means of partition, the independent executor or executrix may apply to the probate court in which the will is probated, or to the district court of the county where the estate is being administered, to partition the estate under the direction of the court. It is beyond the power of the court to compel the independent executor to take advantage of the statutes providing for the partition of estates administered independently of the courts under wills; but they are for his use and benefit, and when he seeks to invoke these statutes, he must comply with their mandatory provisions, such as filing a final account with the court in which the partition is sought, which is a condition precedent to invoking the aid of the court to partition the estate. Jerrard v. McKenzie, 61 Tex. 40, 44; Lumpkin v. Smith, 62 Tex. 249; Fortune v. Killebrew, 70 Tex 437, 440, 7 S. W. 759; Roy v. Whitaker (Tex.Civ.App.) 50 S.W. 491, 494; Johnson v. Short, 43 Tex. Civ.App. 128, 94 S.W. 1082; McDonough v. Cross, 40 Tex. 251; articles 3442 and 3604.

Nor did the court in entering the preliminary decree of partition comply with the mandatory provisions of article 3604, which require the court to ascertain the residue of the estate to be partitioned by ascertaining and "deducting from the entire assets of such estate remaining on hand the amount of all debts and expenses of every kind which have been approved or established by judgment or which may yet be established by judgment." It is obvious that the court cannot ascertain these facts concerning debts unless the independent executor seeking the aid of the court files a final accounting with the court. These statutes are also for the benefit of creditors, and before an independent executor may bar their further right to proceed against him to establish their claims against the estate, these statutory conditions must be complied with; and since he did not do so, the preliminary decree of partition did not constitute a bar to any further right on the part of the appellees to institute suit against him to establish and obtain judgment for their claim against the estate. Manifestly, appellees could not have proceeded against the devisees, because none of the estate has ever been delivered to them. Appellees were not made parties to the partition suit, and since the independent executor failed to comply with the statutes as to filing a final account, so that the court might protect their claim before decreeing a partition of the estate, appellees may now proceed against him to establish and obtain judgment for their claim against the estate.

■ Since the surety liability of Mrs. S. E. Norment, deceased, has been legally established by this suit against the independent executor of her estate, the note or claim of appellees is manifestly superior to the deed of trust lien of intervener bank

on T. A. Houston's undivided interest in the estate, because he takes as devisee subject to the debts of testatrix. This same rule applies to the agreement of T. A. Houston, that if Mrs. Norment had to pay the note in suit as surety, his interest in her estate would be charged with that amount as an advancement. This obligation to charge his interest with such advancement could not be defeated by his execution of a deed of trust before the administration of the estate was closed and before his interest was delivered to him. His undivided interest was that which remained after charging it with the amount of this advancement; and clearly the representatives of the estate of Mrs. S. E. Norment have done nothing to estop them from setting up the advancement agreement as against intervener bank's claim of superior deed of trust lien on the undivided interest of T. A. Houston.

Under the same rule, the contention of intervener bank that the one-seventh interest which T. A. Houston acquired from Mrs. Vida Ratliff, when the seven remaining heirs and devisees purchased her interest in the estate by agreement between themselves, constituted no part of the estate after the partition decree and could not be subjected to the payment of any amount which the executor might be required to pay because she was surety on the note in suit, is not sustained. As above pointed out, the preliminary decree of partition did not remove Mike Houston as independent executor, and all the estate remaining in his hands is subject to the payment of this surety obligation. This rule cannot be affected by the fact that one of the devisees has sold her undivided interest in the estate to the remaining devisees by private agreement amongst themselves prior to the delivery of the interest of the devisee. If this devisee had not sold her interest to the other devisees, it would have been subject to the payment of its pro rata of the surety obligation of Mrs. Norment or her estate, and it necessarily passed to the purchasing devisees charged with its pro rata of the surety obligation. Since T. A. Houston acquired this undivided one-seventh interest in Mrs. Vida Ratliff's interest in the land, it was not burdened with his advancement agreement, which was only a charge against the one-eighth undivided interest bequeathed to him. Having determined that both the surety obligation of testatrix and the advancement agreement of T. A. Houston to charge his bequeathed interest

with the amount paid by testatrix or her estate on the surety obligation, the judgment correctly ordered that this one-seventh undivided interest acquired by purchase be first sold; that the one-eighth undivided interest bequeathed to T. A. Houston be next sold; and that if these sales did not satisfy the judgment, then so much of the estate in the hands of the executor as was necessary to satisfy the remainder, if any, on the judgment be levied upon and sold.

Nor do we sustain the contention that there was a fatal variance between the allegation and proof as to the note sued upon. The petition described the note as being payable "to W. W. May." The note introduced in evidence was payable "to the order of W. W. May." The petition alleged facts which fully notified the defendant executor that appellees were suing upon a negotiable note, and were seeking to establish the respective liability of the several defendants as maker, surety, and indorser under the negotiable instrument laws; and that such a note would be offered in evidence. No objections were made to the pleadings, and the note payable "to the order of W. W. May," and obviously negotiable, was introduced without objection. In such circumstances, the description of the note as being payable "to W. W. May" will be regarded as a mere misdescription, and immaterial.

The rule is settled that to be fatal a variance must be a substantial, misleading, and prejudicial departure from the cause of action alleged. Kleber v. Pacific Ave. Garage (Tex.Civ.App.) 70 S.W.(2d) 812; Ware v. Shafer, 88 Tex. 44, 29 S.W. 756; Panhandle Grain & Elevator Co. v. Dowlin (Tex.Civ.App.) 247 S.W. 873. The rule is also settled that where a variance between the allegations and proof is immaterial, and no objection is made to the introduction of the evidence or proof alleged to be at variance, and no claim of surprise is made, and there is any pleading which would authorize the judgment, it will not be disturbed. S. A. Traction Co. v. Court, 31 Tex.Civ.App. 146, 71 S.W. 777; McConnell v. Payne & Winfrey (Tex.Civ. App.) 229 S.W. 355; Bland v. Cruce (Tex. Civ.App.) 238 S.W. 720.

The remaining question is that the judgment ordering the sale of so much of the real estate in the hands of the independent executor to satisfy the surety obligation on the note should have adjudicated

the specific property, and should have sufficiently described it so as to enable the officer levying the execution to identify it. The contention is not sustained. The petition made the probate proceedings a part of the petition by reference. All these proceedings were introduced in evidence, including the inventory and list of claims, which showed the property belonging to the estate. The findings of fact in the judgment itself showed that the estate owned the "home place" in Cherokee, Tex., which was bequeathed to one daughter; that a specific 261-acre tract of the land described had been sold by the devisees, leaving about 3,000 acres of land, which was described in the inventory and which was in San Saba county, and found by the trial court to be in the hands of the independent executor, and to be the only remaining property belonging to the estate. The sheriff was directed to first levy upon the property of the maker of the note, as above detailed, and if same were insufficient to satisfy the judgment, then to levy upon as much of the 3,000 acres of land in the hands of the independent executor as was necessary to satisfy the judgment. Under these recitations in the judgment and the directions as to the order of levying on the properties, the sheriff should have no difficulty in knowing what property to levy upon.

The judgment will be affirmed.

Affirmed.

### On Motion for Rehearing.

Our original opinion states that the judgment directed that the one-seventh undivided interest which T. A. Houston acquired by purchase from Mrs. Vida Ratliff be first sold in satisfaction of the judgment. This statement is incorrect. The judgment directed that the officer "first levy upon * * * and sell the undivided interest of said defendant, T. A. Houston, in and to the estate of said Mrs. S. E.. Norment, deceased, * * * before any other portion of said estate be sold." This direction precludes the contention of appellant that the interest in the land which Mrs. Ratliff inherited from her father was ordered first sold. This interest was no part of the estate of Mrs. S. E. Norment, deceased. With this correction, the motion for a rehearing will be overruled.

Overruled.