C. W. Johnson v. Charles Short et al.

Decided May 5, 1906.

**1.—Executor—Distribution of Estate—Authority.**

In the absence of authority conferred by the will an independent executor is without authority to partition the estate among the devisees.

**2.—Interest of Devisee—Attachment Lien—Partition.**

The plaintiff claimed the land in controversy under and by virtue of an attachment lien duly foreclosed upon the interest of the defendant in said land as one of several devisees. Before the will was probated and before the attachment was levied the defendant, by agreement with the executor, the other devisees not being parties thereto or consenting thereto, received from the executor certain personal property at a stipulated valuation, agreeing that the same should be applied on his, defendant's, part of the estate. Held, that the agreement between the defendant and the executor was not a valid partition of the lands of the estate, and did not prove that the defendant had no other or further interest in the estate.

**3.—Sale of Land—Independent Executor—Power.**

Where the will gave an independent executor no express power to sell land of the estate, and it is not claimed that the sale was made for the purpose of paying debts of the estate, the court did not err in refusing to consider an attempted sale of land by the executor.

Appeal from the District Court of Young County. Tried below before Hon. A. H. Carrigan.

*C. W. Johnson, in propria persona.*—The court erred in admitting in evidence, over the several objections of appellant, the parol testimony of R. F. Short and J. T. Rickman, and Charles Short, one of the defendants, in connection with certain receipts. The purpose of the testimony was to show a parol contract between the executors of the estate

of J. C. Short, deceased, and Charles Short, by which the latter took certain tools and material, and the other heirs the real estate. Sayles' Civil Stats., art. 2543, subd. 4; Sayles' Civil Stats., art. 624; Sullivan v. O'Neal, 66 Texas, 434; Devlin on Deeds, vol. 1, sec. 157.

The pretended parol partition of the J. C. Short estate was and is void, and ineffectual to put the interest of appellee, Charles Short, out of reach of his creditors, because the same was made by the executors and not by the heirs, who were not parties to the transaction. Sayles' Stat., art. 3607; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Texas, 6; Newland v. Holland, 45 Texas, 592.

If in fact there was a parol partition between the executors and appellee, Short, the same was secret and unknown to the attaching creditors at the time of the service of attachment writ, and is ineffectual against the judicial sale and deed in pursuance thereof. Allday v. Whitaker, 66 Texas, 670.

On the death of J. C. Short the legal title of his estate vested in his devisees, and the undivided interest of appellee, Charles Short, was subject to attachment and sale under judicial proceedings. Brown v. Renfro, 63 Texas, 603; Aycock v. Kimbrough, 61 Texas, 545; Bell v. Read, 23 Texas Civ. App., 96; Roberts v. Connellee, 71 Texas, 16; 11 Am. & Eng. Ency. Law, 2 ed., 634-5-h and i.

*R. F. Arnold,* for appellees.—While the appellee Chas. Short could not by parol divest himself of a legal title to his interest in the real estate taken by him under his father's will, yet by parol agreement he could vest in his codevisees under the will an equitable title to such real estate that would be superior to a legal title, and such equitable title · having been especially pleaded the evidence complained of was properly admitted. Aycock v. Kimbrough, 71 Texas, 330; Whitaker v. Allday, 71 Texas, 623; Todd v. Willis, 66 Texas, 714; Roy v. Whitaker, 92 Texas, 355.

The court did not err in permitting the deeds from the executors to G. W. Black and Dr. Price to be read in evidence. On the death of J. C. Short the title to his estate did not vest in the devisee under the will but passed to his executors for administration purposes, and the interest of Chas. Short could not have been subject to execution or attachment until the final partition of the estate, or until his interest therein had been segregated from the body of the estate. McDonald v. Hamblen, 78 Texas, 633; Howard v. Johnson, 69 Texas, 655; Roy v. Whitaker, 92 Texas, 355; Todd v. Willis, 66 Texas, 705.

CONNER, CHIEF JUSTICE.—This suit was brought in the ordinary form of trespass to try title to recover an undivided one-tenth interest in lot three, block two, and in lot six, block four, and in lot one and the south one-half of lot two, block twenty-two, in the city of Graham, Young County. Appellant claimed by virtue of an execution sale based upon a judgment of the Justice's Court against Charles Short fore-closing an attachment lien. The interest stated was that taken by appellee Charles Short under the will of J. C. Short, and the principal defense on the trial below was to the effect that prior to the levy of the

writ of attachment Charles Short had made a parol partition with the executors of the will of J. C. Short, by which Charles Short received certain personal property of the value of $152.60 as the full share or interest to which he was entitled under the will.

It is undisputed that appellee Charles Short is one of ten children of J. C. Short, who died testate in November, 1904; that the will of J. C. Short was probated at the January term, 1905, the inventory and appraisement being made, returned and approved January 21, 1905. By the terms of the will all of the property of J. C. Short (after that devised to his wife and not involved in this suit) was to be divided equally among his children. The fourth and last clause of the will is as follows, viz.: "I constitute and appoint my son R. F. Short and my son-in-law Jesse Rickman as executors of my will and request that no bond or other security be required of them, and that neither the County Court nor other courts of this State take any further action over my estate than the probation of this will and the return and approval of an inventory of my property." It is agreed that all of the powers of the executors named are set out in section 4 of the will, above quoted, and that said executors duly qualified. Over the objection of appellant appellees were permitted to prove by R. F. Short, J. T. Rickman and Charles Short that on January 11, 1905, they had agreed orally among themselves to the effect that said Charles Short should take certain tools, and materials, implements, etc., of the agreed value of $152.60, as the share of his father's estate coming to him by virtue of the will, and in this connection appellees offered two receipts, one dated January 11, 1905, as follows: "Received of R. F. Short and J. T. Rickman, executors of the estate of J. C. Short, tools and materials, stove, etc., as invoiced on page 150, to amount of $144.80 to apply on my part of my father's estate, this being the price agreed on by me and the executors. (Signed) Charles Short." The other receipt was dated January 30, 1905, after said attachment had been levied and was substantially in the same form as the one above quoted, for $7.80 "to apply on my part of my father's estate." Upon the foregoing testimony the court gave judgment for appellees, and hence this appeal.

The rule that tenants in common may make parol partition of lands is a familiar one, but we find no authority that in our judgment will sustain appellees' contention in support of the judgment. It may be well doubted whether the executors, at all events in the manner and at the time attempted, had power to make partition or distribution of the estate. No such power is to be found in the will either expressly or by necessary implication, and the author of Cyc., vol. 18, p. 595, in speaking of the authority of an executor says, citing cases, that "it is no part of his duty to partition or convey among heirs or devisees the real estate of his decedent or to pay legacies charged upon the land unless empowered by the will to do so." So, too, our own Supreme Court in McDonough v. Cross, 40 Texas, 281, while discussing the powers of an independent executor under a will similar in the feature under consideration to the one before us, uses the following language: "It can hardly be thought the executor is authorized by such a will to change the devise of the testator from an undivided part of the estate into a specific part thereof, selected and designated by him at his mere will

and pleasure, especially when he is one of the devisees among whom it is to be partitioned. Nor do we see that the settlement of the estate requires that he shall determine for the devisees whether they shall accept the money value of their interest in the land devised, or an undivided interest in the land itself."

But if it be conceded that the independent executors under the will of J. C. Short had the power to sell property devised by the will, or even possibly, upon final settlement, to partition among the devisees property left after the payment of debts, we can not think the agreement of Charles Short with the executors amounts to a legal partition of the lands belonging to the estate of J. C. Short, deceased. None of the other beneficiaries under the will were parties to the agreement, nor is it pretended that they consented thereto. The record fails to show that at the time any of the debts of the estate, which amounted to some four or five hundred dollars, had been paid, or even that the will had been probated, or any action thereunder taken, and the receipts exhibited as evidence of the agreement certainly give no indication that it was thereby intended that Charles Short should be absolutely and forever deprived of any right to claim or receive other property under the will, if upon final settlement it should be found that he was entitled thereto. The property received to the extent of its value would doubtless operate as an advancement, but could not, we think, be pleaded by the executors or other heirs beyond this in estoppel. The agreement in our judgment was at most but provisional. In legal effect it merely contemplated, as indicated by the receipts, that upon final distribution of the estate Charles Short should account for the property received by him at its agreed value. It certainly ought not, we think, be given the effect contended for. (Munk v. Weidner, 29 S. W. Rep., 409 and cases therein cited.)

We find no error in the action of the court in refusing to consider a certain deed offered by appellees in evidence, executed by said executors to two of appellees not hereinbefore named. The will gave the executors no express power to sell, and it is not pretended that the attempted sales were made for the purpose of paying debts. On the contrary the record shows that the debts of the estate of J. C. Short amounted to some five hundred dollars, and that a stock of merchandise owned by him was sold by the executors for approximately this amount, and in the present state of the record we will assume that the proceeds of the sale of the merchandise were applied in discharging the debts of J. C. Short as directed in the will.

We conclude that under the undisputed evidence the judgment should have been for appellant, and it will be reversed and here so rendered.

*Reversed and rendered.*