## DE-VELIN v. CARTER.
### No. 2174.

Court of Civil Appeals of Texas. Waco.
Jan. 4, 1940.

Rehearing Denied Jan. 25, 1940.

A. Jack Pope, Jr., of Corpus Christi, for appellant.

J. Marvin Ericson, of Corpus Christi, for appellee.

ALEXANDER, Justice.

This suit was brought by Bob Porky De-Velin against Hendrick Carter for the sum of $504.00, alleged to be due the plaintiff as a watchman for guarding a drilling rig belonging to the defendant. The defendant denied employing the plaintiff and claimed that he had been employed by one Coward, who seemed to be interested in the lease where the drilling rig was situated. The jury found that the defendant had not employed plaintiff to guard the drilling rig, and judgment was entered for the defendant. The plaintiff appealed.

The plaintiff's sole complaint is that the defendant was permitted to elicit certain alleged improper evidence from plaintiff on cross-examination. The plaintiff testified, without objection, that prior to the date of the trial he had been employed as a physical educator, training fighters and wrestlers and dancers at a dancing marathon. The defendant then asked the witness: "How long had you been working at that marathon over there?" to which plaintiff objected on the ground that it was irrelevant and immaterial. The question was not answered. In view of the fact that the witness had previously testified without objection to his connection with the marathon, his rights were in nowise prejudiced by permitting the defendant to inquire how long he had been engaged in such business, particularly where the question was never answered.

Plaintiff also complained because the defendant was permitted, on cross-examination, to ask plaintiff if at one time he had had a medical doctor's license, to which the witness answered that he had. Some further questions were asked as to when he quit practicing medicine, but the witness was unable to remember the date.

There is nothing particularly inflammatory about this testimony such as to require a reversal of the judgment.

The plaintiff voluntarily testified, on direct examination, without objection from either party, that on the day prior to the trial he had traveled from Bruni, Texas, to Corpus Christi, Texas, where the case was on trial, on a freight train. On cross-examination counsel for defendant asked him if he did not know that it was a violation of the law for him to ride a freight train. The plaintiff objected on the ground that the witness was not qualified to answer the question. The court overruled the objection, but the question was never answered. Apparently, the plaintiff volunteered the information about his having ridden a freight train for the purpose of calling attention to his poverty and thereby eliciting the sympathy of the jury. Having volunteered the information, he has no right to complain if defendant was permitted to make further inquiry into the same matter.

It is readily apparent that no reversible error is presented by any of the assignments above discussed. The judgment of the trial court is therefore affirmed.