Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant brings forward two complaints. The first relates to the court's action in declining to grant his request for an instruction to the jury to return a verdict of not guilty. His second complaint relates to the court's action in declining to give certain requested instructions.

 The first complaint necessarily rests upon the evidence adduced which, briefly stated, shows that Jap Holman lived on a ranch some distance from the town of Sonora; that on the 9th day of September, 1944, he permitted his niece, Miss Bettie Taylor, to drive his automobile to Sonora for the purpose of getting some groceries; that while the car was parked on the street of said town, appellant and David Garcia entered the same and drove it away. Soon thereafter the car was missed. The sheriff was notified of the disappearance of the automobile, whereupon he immediately telephoned the Sheriff of Schleicher County, who drove out on the highway leading from Sonora to Eldorado, intercepted the car in question and arrested appellant and his companion, David Garcia. The evidence also shows that the reasonable cash market value of the car was between six and seven hundred dollars, and that it was taken without the consent of either the actual owner or the person who had driven it into town and parked it.

Appellant testified that their only purpose in getting into the automobile was to ride around; that they had no intention of stealing it. It will be noted that an issue of fact was raised which the jury decided adversely to him. Had the jury believed appellant's testimony they no doubt would have acquitted him under the instruction from the court relative to that phase of the case. The jury were the sole judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony. Under the facts of this case, this court would not be authorized to invade the province of the jury and set aside their conclusion of appellant's guilt.

The court, in his charge on the defensive theory of appellant, instructed the jury as follows:

"If you believe, or have a reasonable doubt thereof, that the defendant, acting either alone or as a principal with said David Garcia, took the said automobile with the intention of driving around in same, and did not intend to steal the same, you will find him not guilty."

"Or, if you believe, or have a reasonable doubt thereof, that the defendant was merely riding in the car with the said David Garcia, and did not know of the unlawful intent, if any, of said David Garcia to take said automobile, and appropriate same to his use and benefit, you will find the defendant not guilty."

The foregoing instruction was a fair and adequate instruction of the law on the defensive issue raised by appellant's evidence and was in accord with his requested charges. Consequently no error is shown to have been committed in this respect.

From what we have said it follows that the judgment of the trial court should be affirmed and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

**TERRILL et al. v. TERRILL.**

No. 11557.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 26, 1945.

Rehearing Denied Oct. 24, 1945.

Loughridge & Edwards, of San Antonio, for appellants.

Davis, Wright, & Perales, of San Antonio, for appellee.

NORVELL, Justice.

This action is one involving the commissions of an independent executor under the provisions of Articles 3689 and 3690, Vernon's Ann.Civ.Stats. John T. Terrill and Mrs. Ida Mae Seffel, two of the five legatees named in the last will of Josephine Terrill, deceased, brought suit against W. H. Terrill, the independent executor named in the will, alleging that said executor had retained certain moneys as commissions which should have been distributed to the legatees. John T. Terrill and Mrs. Seffel recovered in the Justice's Court, but upon a trial de novo in the County Court, judgment was rendered against them and they have appealed to this Court.

The record indicates that W. H. Terrill retained the sum of $492.34 as statutory commissions. The County Court, upon auditing the executor's account, found that he was entitled to the sum of $517.77. Appellants in their brief challenge the correctness of the county court's approval of the allowance of a five per cent commission on four items of $600, $1,450, $400 and $6,245, respectively.

It seems that the executor did not claim a commission upon the $600 in his itemized report to the legatees of the estate. The County Court held, however, that he was entitled to retain five per cent of said amount. In this holding the Court erred. This $600 was in the form of Savings Stamps, United States Post Office, which were purchased by decedent and held by her at the time of her death. These stamps were an obligation of the United States Government, payable upon demand. The executor did not sell these stamps but cashed them. He merely exchanged one form of a government obligation for another. We think this $600 in Savings Stamps is properly classified as cash on hand at the time of the death of the testatrix within the meaning of Article 3690, Vernon's Ann.Civ.Stats.

The remaining three items, totaling the sum of $8,095, represent the proceeds of three sales or transfers of real property to three of the legatees named in the will of Josephine Terrill, deceased. It appears that in each of the three transactions a deed was executed by the independent executor and all of the legatees named in the will, except the grantee designated in the particular conveyance. It further appears that the estate was solvent and that all debts against it could have been, and in fact were, discharged by applying the cash and personal property of the estate to their liquidation. It was wholly unnec-

essary to sell any real property to pay off the debts of the estate, and the will did not specifically empower the executor to make sales or conveyances of real property. The will did contain a provision directing the executor "to make distribution of my property just as soon as he lawfully can do so after my death to the heirs (sic) named in this will."

W. H. Terrill seems to have been under the impression that it was a part of his duty as independent executor to deliver to the legatees separate interests in the estate. He testified that the real property was not subject to partition in kind and therefore he tried to sell it. Being unable to do so, he allowed three of the legatees to take the tracts of land involved at prices agreed upon and thus effected a partition of the estate. This procedure was agreed to and acquiesced in by all of the legatees of the estate.

In thus partitioning the estate W. H. Terrill was not acting within his powers as independent executor. Neither the will nor the law vested him with such authority in his capacity as executor. It follows that he was not entitled to an executor's five per cent commission under Article 3689, for the performance of acts not within his duties as executor. There was apparently nothing wrongful in W. H. Terrill's actions, which were acquiesced in and agreed to by all the legatees of the estate. His defense to appellants' suit was, however, based upon the claim that such acts were performed in his capacity as executor and he, as a result, was entitled to the statutory commission therefor. This defense fails. In Texas Jurisprudence it is said that, "The power of an independent executor to distribute an estate does not include the right to partition undivided interests." 14 Tex.Jur. 537, § 693.

In McDonough v. Cross, 40 Tex. 251, it was stated by Associate Justice Moore, upon rehearing, that: "It seems a reasonable, if not a necessary, construction of wills of this character, that the executor, when authorized to administer and settle estates independently of the supervision and control of the probate jurisdiction of the court, and where there are no terms of restriction upon his authority contained in the will, may do whatever is necessary for the full and complete settlement of the estate which he might do under the authority and order of the court if he was charged with the administration subject to its control by the will. We cannot, therefore, think there is any doubt that the executor may, without express authority, sell the property for the payment of the debts of the estate, or the discharge of any other trust which is directly or exclusively committed to him by the will. Whether the sale of the land of the estate for distribution, even where not susceptible of partition, is a trust of this character, need not now be determined. If the estate was being administered under the direction of the court, the executor would not partition the land if it could be divided consistently with the interest of the devisees; nor would the determination of the question of its susceptibility of division be intrusted to him by the court, and we do not clearly perceive that it is one of his necessary duties in distributing the estate. It can hardly be thought the executor is authorized by such a will to change the devise of the testator from an undivided part of the estate into a specific part thereof, selected and designated by him at his mere will and pleasure, especially when he is one of the devisees among whom it is to be partitioned. Nor do we see that the settlement of the estate requires that he shall determine for the devisees whether they shall accept the money value of their interest in the land devised, or an undivided interest in the land itself." 40 Tex. 280, 281.

While the expressions above quoted were not necessary to a decision of the case, we believe that they constitute sound statements of the law which are applicable to the present appeal.

■ Appellee's contention that appellants are estopped to question the correctness of his account as executor by reason of having signed a receipt which stated that they had received their full share of the estate, is deemed without merit and is overruled. Hanlon v. Wheeler, Tex.Civ.App., 45 S.W. 821.

The judgment of the trial court is reversed and judgment here rendered in accordance with the prayer of appellants' brief, that John T. Terrill and Ida Mae Seffel do have and recover of and from W. H. Terrill the sum of $162.64, together with interest thereon from April 26, 1945, until paid, at the rate of six per cent per annum.

Reversed and rendered.

### On Motion for Rehearing.

Appellee, in his motion for rehearing, contends that even if he were not acting within his powers of executor in effecting the sales of real property mentioned in the original opinion, he, nevertheless was entitled to some compensation for such services, in that all persons interested in the estate acquiesced in the making of said sales and accepted the benefits thereof. Appellee is in substance suggesting a recovery upon a quantum meruit count. This theory is not in the case, as it is not raised either by the pleadings (which were written) or by the evidence. Appellee sought to defend his retention of certain sums of money belonging to the estate on the ground that he was entitled to retain the same as and for executor's commissions. Under the facts of this case, appellants were not estopped from questioning the legality of appellee's accounts as executor.

Appellee's motion for rehearing is overruled.