Lincoln CLARK and Wife et al., Appellants,

v.

Aaron POSEY and Wife, individually and
Medora Posey, as Trustee, Appellees.

No. 10692.

Court of Civil Appeals of Texas.

Austin.

Nov. 18, 1959.

Rehearing Denied Dec. 9, 1959.

Woodrow W. Curtis, Pearsall, Oliver & Oliver, San Antonio, for appellants.

E. D. Harrison, Blanco, A. W. Moursund, Johnson City, for appellees.

GRAY, Justice.

This is a suit to set aside an ex parte partition of the residuary estate of Charles E. Crist, deceased, made by Medora Posey, Independent Executrix and Trustee, and also for an accounting and, as we understand it, for partition of such estate. The suit was brought by appellants, Virginia Ray Clark and husband Lincoln Clark, individually and as next friends for their minor children, against appellees, Medora Posey, individually and as Trustee, and her husband Aaron Posey.

Charles E. Crist was the father of Medora Posey and Virginia Ray Clark was his adopted daughter. He died testate June 26, 1951 (prior to the effective date, 1–1–56, of the Probate Code) and by his will directed that the property belonging to the estates of himself and his wife, Medora H. Crist, be treated as community property. He directed that debts and taxes be paid before distribution of his estate and by paragraph three of his will he devised the homestead, its furnishings and his personal effects to his wife for life with remainder to Medora

Posey except a diamond ring which after the death of his wife was bequeathed to Virginia Ray Clark. Two-thirds of the remainder of his estate was devised to Medora Posey including as a part of such two-thirds all stock owned by him at his death in the Blanco National Bank. He then devised and bequeathed:

"* * * all the rest and residue of the estate belonging to me at the time of my death to Medora Posey, as trustee, for the benefit of my daughter, Virginia Ray Clark, * * *."

There was a remainder to the children of Virginia Ray Clark and the conditions of the trust and the powers of the trustee in administering it are set out. However, those matters are not in controversy and are not material here. Medora Posey was named independent executrix. The estate was solvent.

Mrs. Medora H. Crist, Medora Posey and Virginia Ray Clark survived Charles E. Crist, his will was duly probated, the parties elected to take under it and Medora Posey took possession of the estate as independent executrix.

A partition of the community estate was made by the executrix and Mrs. Medora H. Crist and the portion allotted to her as her share of the community was accepted by Mrs. Crist together with the property devised to her by the will. It appears that this partition was made by the mutual agreement of the testatrix and Mrs. Crist and that it was reduced to writing. Virginia Ray Clark was not a party to the partition agreement and was not bound thereby. 14–B, Tex.Jur. p. 132, Sec. 1057.

Mrs. Medora H. Crist died testate May 12, 1953, leaving all of her property including that involved here to Medora Posey and Virginia Ray Clark. There is no controversy here as to her will or her estate. It thus appears that the parties to this suit own all properties sought to be partitioned.

Medora Posey as independent executrix partitioned the property in her possession.

She assigned to herself as her two-thirds share of the estate real and personal property at a listed value of $91,729.46, and assigned to herself as trustee for Virginia Ray Clark promissory notes amounting to a listed value of $45,892.24.

Appellants went to trial on their first amended original petition and therein alleged:

"That such division and partitition of said residuary estate so made by said Independent Executrix and Testamentary Trustee was fraudulent in that same was done by the Trustee against the interest of the cesti que trust and greatly to the use, benefit and advantage of said Independent Executrix and Testamentary Trustee individually.

"VI.

"That plaintiffs are entitled to have said partition and division so made by said Independent Executrix and Testamentary Trustee set aside and same now fairly, equitably and justly partitioned between the said Medora Posey and plaintiffs herein."

The cause proceeded to trial before a jury and appellants called, as their first witness, Medora Posey. Early in the proceedings the trial court sustained objections by appellees, the jury was excused and, in the absence of the jury the testimony of Medora Posey and that of other witnesses was heard. At the conclusion of this testimony appellees' objections were sustained, appellants rested, the trial court granted appellees' motion for an instructed verdict, withdrew the case from the jury and rendered judgment that appellants take nothing by their suit.

Appellants here present three points. These are to the effect that the trial court erred in refusing to admit evidence: of the market value of the estate of Charles E. Crist, and of the properties partitioned by the testatrix to herself individually and to herself as trustee for Virginia Ray Clark.

By his will Charles E. Crist made a complete disposition of his estate. After the payment of debts and taxes and the bequests to his wife he devised two-thirds of his estate remaining to Medora Posey including in such two-thirds named bank stock. He then devised "all the rest and residue of the estate belonging to me at the time of my death" to Medora Posey trustee for Virginia Ray Clark. The will makes a complete disposition of the bank stock, however, there is no question here as to its status as community or separate property and it does not affect the "residue" of the estate.

Excluding the bank stock there is no direction in the will to include any property in the two-thirds of the estate devised to Medora Posey nor in the "residue" devised for the benefit of Virginia Ray Clark. Also the will contains no further directions as to how the interests shall be determined and none for its distribution.

The will does not provide a means or method for the partition and distribution of the estate. This being the status of the will then the provisions of Art. 3442, Vernon's Ann.Civ.St., are applicable. (See, also Probate Code, Art. 150, V.A.T.S., where "independent executor" is used in lieu of "executor" as used in the statute.) The testatrix did not avail herself of the method provided by the statute supra for the partition and distribution of the estate but undertook to make partition and distribution without the aid thereof. The will does not authorize such partition and distribution and it is not binding. Terrill v. Terrill, Tex.Civ.App., 189 S.W.2d 877, Er. ref.

In City Nat. Bank of San Saba v. Penn, Tex.Civ.App., 92 S.W.2d 532, 535, it is said that:

"The rule is settled that where a will does not distribute the entire estate of the testator or testatrix, or provide a means of partition, the independent executor or executrix may apply to the

probate court in which the will is probated, or to the district court of the county where the estate is being administered, to partition the estate under the direction of the court. It is beyond the power of the court to compel the independent executor to take advantage of the statutes providing for the partition of estates administered independently of the courts under wills; but they are for his use and benefit, and when he seeks to invoke these statutes, he must comply with their mandatory provisions, such as filing a final account with the court in which the partition is sought, which is a condition precedent to invoking the aid of the court to partition the estate." Authorities cited.

This rule has no application here because the executrix attempted to make partition and distribution of the estate independently of the statute and thereby she exercised powers not conferred by the will and the partition and distribution of the estate so made is here challenged.

A question of jurisdiction is not presented because it is well settled that the district court has jurisdiction to decide the issues involved here. In Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, 985, it is said that:

"* * * the rule has been announced that the district court has jurisdiction of a suit brought against an independent executor for the recovery of property, both real and personal, alleged to belong to an estate and withheld from the assets of the estate under the claim that it belonged to him, and determine in whom the equitable title to such property was, and to decree a partition thereof, as well as the other property of the estate, among those entitled thereto." Authorities cited.

Also, Hutcherson v. Hutcherson, Tex.Civ. App., 135 S.W.2d 747. Er. ref.

As we understand the record, appellants do not question the right of the testatrix to partition the community estate. However it appears this was purely a voluntary partition. The authority of the testatrix and Mrs. Crist to partition the community is not before us directly. However insofar as the interest of Virginia Ray Clark under the will is affected it becomes pertinent. The will does not direct that such partition be made and since the community estate consisted of real as well as personal property we think the executrix was not authorized to determine the money value of the "residue" of the estate of Charles E. Crist devised to Virginia Ray Clark and thereby require her to accept such money value in lieu of her undivided interest in real property. Terrill v. Terrill, supra. Our holding here is that the "residue" of Charles E. Crist's estate devised by his will for the benefit of Virginia Ray Clark was not affected by the partition of the community property and that such "residue" is to be determined as the remainder of the estate after determining the "two-thirds" devised to Medora Posey. This of course requires that the entire estate of Charles E. Crist be identified.

In his ruling the trial court limited appellants' inquiry to "only that part of the property which was allocated to the Charles E. Crist estate" in the partition agreement made by the testatrix and Mrs. Medora H. Crist which was in writing. The effect of this ruling was to limit appellants' showing of what constituted the "residue" devised to Virginia Ray Clark to the partition agreement rather than to the will and in that respect it was error.

Following the above ruling, and in the absence of the jury, Mrs. Medora Posey identified a list of properties, real and personal, set apart to herself as her interest in the estate and also properties, promissory notes, assigned to herself as trustee for Virginia Ray Clark and as being the residue of the estate devised to Virginia Ray Clark. This list included the value assigned to each item of property.

The inventory and appraisement of the community estate was in evidence and the values assigned to the items of property in the list supra are the same as the values given the same properties in the inventory. Appellants also called a witness who, after stating his qualifications to testify as to property values in Blanco County, testified to the actual market value of real property shown on the list and assigned to Mrs. Posey by herself. These values as so testified to were far in excess of the values shown on the list. With the exception of a portion of the list of properties supra none of the above evidence was admitted to the jury.

■■ The inventory and appraisement supra was admissible in evidence but it was neither conclusive of the property belonging to the estate of Charles E. Crist nor of the value of such property. Testimony of such values from qualified witnesses is admissible to contradict the inventory and appraisement. Hull v. Hull, Tex.Civ.App., 183 S.W.2d 275, Er. ref. w. m. Clearly there was a conflict in the evidence as to the values of the property which conflict was for the jury.

The question of whether the "residue" of the estate of Charles E. Crist devised by his will to Virginia Ray Clark has been set over to her was presented and the record before us presents reversible error.

■ In view of another trial it is our opinion that the written partition agreement between the executrix and Mrs. Medora H. Crist is not controlling as determining the estate of Charles E. Crist, deceased and a recovery of the "residue" devised for the benefit of Virginia Ray Clark is not to be limited by such agreement. It is also our opinion that the "residue" of the estate devised for the benefit of Virginia Ray Clark is to be determined, set apart and partitioned under the direction of the court as in other cases of partition and distribution of estates.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.