**M. GUERRA & SON et al., Appellants,**

**v.**

**Clinton MANGES et al., Appellees.**

No. 4804.

Court of Civil Appeals of Texas.

Waco.

May 22, 1969.

Rehearing Denied June 26, 1969.

Carter, Steinberg, Skaggs & Koppel, Harlingen, for appellants.

Watson & Weed, Waco, Arnulfo Guerra, Roma, Kampmann, Kampmann, Church & Burns, San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an interlocutory order appointing a receiver over the property and assets of M. Guerra & Son, a limited partnership.

This suit was filed by Appellee Manges against M. Guerra & Son and the 6 partners. (M. A. Guerra, H. P. Guerra, Jr., R. R. Guerra, Virgil H. Guerra, J. C. Guerra and Virginia Guerra Jeffries) (and Southwestern Life Insurance Company, holder of $370,000 indebtedness and lien). Manges alleged he was owner of an undivided ⅖ interest in the partnership ranch properties through deeds from partners Virgil H. Guerra and J. C. Guerra; that he has not received any rents for such interest; that he is entitled to an accounting; that there is a past due indebtedness to Southwestern Life Insurance Company secured by mortgage on partnership lands, as well as other past due indebtedness; and that he has been refused the right as a cotenant to joint possession of the property. Manges prayed that a Receiver be appointed for the benefit of all owners to take charge of the lands, books and records, for an accounting, and for partition of his undivided ⅖'s interest in the property.

Thereafter Virgil H. Guerra filed cross-action against the other 5 partners alleging the assets of the partnership consist of real estate in Starr and Jim Hogg Counties, cattle, bank accounts and other personal property; that since 1958 there have been no partnership meetings; that the business of the parnership has been carried on in a loose and disconnected manner; that any two partners can sign a check and withdraw partnership funds; that various partners have received advances in excess of their proportionate interest in the partnership; that the partnership is heavily indebted by loans and does not have the funds to liquidate such loans and debts without selling real estate; that the partners have for some years been negotiating between themselves in an attempt to partition partnership properties, and all attempts have been useless; that it is impossible to have an accounting between the partners or to divide the partnership properties; that unless the partnership is dissolved in an orderly manner and the debts paid, the personal and real property of the partnership are in danger of being lost on foreclosures, or the property materially injured by reason of improper operation. Cross plaintiff Virgil Guerra prayed that a receiver be appointed to take charge of all partnership property "and for such other and further orders as may be necessary to the Court, premises considered".

The partnership M. Guerra & Son, M. A. Guerra, R. R. Guerra and H. P. Guerra, Jr. answered resisting plaintiff's suits.

The trial court, after hearing, entered interlocutory order finding "the appointment of a Receiver for the partnership of M. Guerra & Son is necessary in that the interests of the Plaintiff, Clinton Manges, in the lands owned by such partnership is in imminent danger of being lost or damaged by reason of the large amount of outstanding current obligations of the partnership, and that further, such Receiver is necessary to protect the interests of all

of the partners in said M. Guerra & Son, in that said current debts and obligations are greatly in excess of any cash on hand or income, and that such debts and obligations cannot be paid in the ordinary course of business, and further that as the partners of M. Guerra & Son are unable to jointly agree on business matters or to take any action on such financial problems, and further, that the withdrawal of funds from partnership banking accounts in the past have greatly exceeded the profits or income of the business, and which is endangering the financial condition of such partnership * * * and unless a Receiver is appointed herein, the Plaintiff Clinton Manges, and Cross plaintiff, Virgil H. Guerra, and the other partners * * * will suffer irreparable loss or damages, and that the applications of both plaintiff Clinton Manges, and the cross plaintiff, Virgil H. Guerra, for the appointment of a Receiver should be granted by the Court;" and appointed James A. Bates Receiver "over all the property and assets of M. Guerra & Son, a partnership," with general powers to operate the properties.

M. Guerra & Son (acting through partners, M. A. Guerra, R. R. Guerra and H. P. Guerra, Jr.) and M. A. Guerra, R. R. Guerra and H P. Guerra, Jr. appeal on 8 points:

1) The trial court erred in appointing a receiver over all the property and assets of the partnership M. Guerra & Son, because such action is radical in the extreme, and if allowed to stand, will discredit, cripple, and probably put an end to the business of M. Guerra & Son.

2) The trial court erred in granting the application of Virgil H. Guerra for the appointment of a receiver when there was no showing Virgil Guerra had been excluded from participation in partnership affairs, and when he was in possession and control of ⅔'s of the partnership assets at the time of filing his application for receivership.

3) The trial court erred in granting the application of Virgil H. Guerra for the appointment of a receiver, where there was no showing of such discord between the partners as to render the continuation of the partnership, pending dissolution, impossible, and where no mismanagement was alleged or shown.

4) The trial court erred in granting the application of Virgil H. Guerra for appointment of a receiver, where there was no showing that Virgil H. Guerra's interest in the partnership was in danger of being lost, removed or materially injured.

5) The trial court erred in granting the application of Virgil H. Guerra for appointment of a receiver when he did not seek dissolution of the partnership.

6) The trial court erred in granting the application of Manges for the appointment of a receiver, when Manges is not shown by the record to have any probable joint interest in the assets of M. Guerra & Son.

7) The trial court erred in granting the application of Manges for the appointment of a receiver, when Manges did not show that any interest owned by him in the assets of M. Guerra & Son was in danger of loss, removal or material injury.

8) The trial court erred in appointing a receiver on application of Manges and Guerra when they by their own actions had disqualified themselves from seeking equitable relief, and where there is no showing that other remedies would not protect their interests, if any.

M. Guerra & Son is a family partnership which has operated for many years in Starr, Jim Hogg and Goliad Counties. The present partners are M. A. Guerra, H. P. Guerra, Jr., R. R. Guerra, Virgil H. Guerra, J. C. Guerra, and Virginia Guerra Jef-

fries (and are the children of H. P. Guerra, Sr., deceased). The present partnership was created by a Partnership Agreement executed September 1, 1958. The principal assets of the partnership are: 72,000 acres of land, 2485 cattle, 444 shares (out of 1000) stock of First State Bank and Trust Company of Rio Grande City, 150 town lots, an apartment house, ranch improvements, automobiles, ranch equipment, and money in the bank.

Virgil Guerra manages some 54,000 acres (with the cattle thereon); R. R. Guerra manages some 18,000 acres (with the cattle thereon); H. P. Guerra, Jr. is President of the Bank; Virginia G. Jeffries manages the apartments; M. A. Guerra and J. C. Guerra have no duties. The principal business of the partnership is cattle, although oil leasing, hunting leasing, rentals, and banking also contribute to the income. The partnership assets have a value in excess of $5 million dollars. The partnership has debts amounting to $1,300,000. which includes $633,000. in secured debts, and $665, 000. in unsecured debts. One note for $150,000 owed the National Bank of Commerce in San Antonio is past due; as is a $10,000. payment on the Southwestern Life Insurance note; and as of September 30, 1968 there was a $19,615, overdraft at the Rio Grande City Bank.

A partner to make a "withdrawal" signs a check on the bank account, cosigned by another partner. The partners had an agreement that only $1000. per month would be withdrawn, but the agreement has not been observed. In 1967 there was net income for the partnership of $11,921., but withdrawals by the partners, of $134,-124. The internal debts of the partners to the partnership, as evidenced by the withdrawals is: M. A. Guerra $568,761; H. P. Guerra, Jr. $448,512; R. R. Guerra $326,579; Virgil H. Guerra $316,643; J. C. Guerra $354,466; Virginia Jeffries $128,742; totalling more than 2 million dollars. It is in evidence that M. A. Guerra is approaching his interest in the partnership in the amount of his draws.

The operation has been, that the income goes into the bank, the partners draw what they want to, and the deficit is made up by loans to the partnership, arranged primarily by H. P. Guerra, Jr. (the banker).

And the partners individually owe notes at banks, which notes are carried as partnership debt; and partnership cattle were transferred to one partner, to individually borrow some $90,000 on, which funds went into the partnership operations, and some partners run individual cattle on the partnership lands. There have been no general meetings of the partnership since 1958; there is discord among some of the partners.

There is evidence that some of the partners have tried to effect a dissolution of the partnership, or purchase or sell their interest in times past, but that nothing was in fact done.

The present controversy arose in August 1968 when Virgil H. Guerra and J. C. Guerra executed a deed to Clinton Manges, conveying to him the 1/6 undivided interest of each in the partnership ranch lands (less mineral interest). Under their contracts the selling partners were to each receive $621,620. A total of $112,000 has been paid on such consideration.

Following the sale to Manges, he filed suit for partition and receivership, and Virgil H. Guerra filed cross action seeking receivership.

Article 2293 Vernon's Ann.Tex.St. provides: "Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases: 1. In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

If under the foregoing statute the right to the appointment of a receiver exists,

it is not dependent on the general rules of practice in courts of equity, and cannot be attacked on the ground that it is harsh, that plaintiff had an adequate remedy at law, or a less drastic remedy. Hitt v. Morris, Tex.Civ.App., mandamus overr. 250 S.W.2d 408; 49 T.J.2d p. 37.

 Plaintiff Manges acquired an interest in the ranch lands owned by M. Guerra & Son by warranty deeds from J. C. Guerra and Virgil H. Guerra, two of the general partners, and as such, acquired for the purposes of this suit for receivership and partition, at least a probable interest in such lands.

Cross plaintiff Virgil H. Guerra, a general partner, under the facts had cause for concern, and plead that "unless the partnership is dissolved in an orderly manner, and the debts paid, the personal and real property of the partnership are in danger of being lost on foreclosures, or the property materially injured by reason of improper operation". While he did not pray specifically for partition, he did ask that a receiver be appointed, and we think fair construction of his pleading is that he did seek a partition.

In any event Manges sought partition and receivership under the provisions of Section 1 of Article 2293 supra, and when the appointment of a receiver is sought in such situation, the receivership is granted extends to the entire property. Moreover the receiver is not appointed for the benefit of the applicant, but to receive and preserve the property for the benefit of all parties interested therein. And in such situation allegations and proof of insolvency of defendant, inadequacy of legal remedy, or other equitable grounds are not necessary. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217.

From the record the trial court was authorized to believe that the property of the partnership (including the lands in which Manges had a probable interest)

was in danger of being lost or materially injured.

Alexander v. Alexander, Tex.Civ.App. (NWH) 99 S.W.2d 1062 is very similar on its facts to the instant case, and upheld receivership in a partner's suit against other partners, to dissolve partnership, for accounting, and to partition the properties of a ranch partnership.

The trial court did not err in appointing a receiver.

Appellant's points and contentions are overruled.

Affirmed.