Alfonso M. GONZALEZ et al., Appellants,

v.

Juan M. GONZALEZ, Appellee.

No. 626.

Court of Civil Appeals of Texas,
Corpus Christi.

June 22, 1971.

Rehearing Denied July 29, 1971.

Mahoney, Shaffer, Hatch & Layton, Lee Mahoney, Corpus Christi, for appellants.

McDonald, Spann & Smith, Bob Spann, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

In the main, this suit involves the partition of properties belonging to the estate of Juan A. Gonzalez. The principal question to be decided is whether or not Juan M. Gonzalez, appellee herein, has the power under the joint and mutual will of his parents, Juan A. Gonzalez and wife, Isabel M. Gonzalez, both deceased, to partition the properties. Other issues raised in this appeal are whether a receiver should have been appointed and whether injunctive relief should have been granted.

The appellants herein are Alfonso M. Gonzalez, Manuel M. Gonzalez, Jose M. Gonzalez, Arnulfo M. Gonzalez, Adolfo M. Gonzalez, and Rose M. Gonzalez. Appellants and appellee are children of said decedents and are named and designated as devisees by the will of decedents.

Both appellants and appellee filed motions for summary judgment on the issue of partition. In substance, appellants prayed for a decree or judgment ordering a statutory partition of the properties and appellee prayed for a decree or judgment holding that appellee had the sole right and discretion to partition the same. By separate pleading, appellants prayed for the appointment of a receiver to take charge of the properties until such time as a judicial partition is made. Both appellants and appellee asked for injunctive relief, each against the other.

No jury was demanded on any of the above matters. The trial court entered judgment denying appellants' motion for summary judgment, overruling their application for appointment of a receiver, and refusing them any injunctive relief. The judgment granted appellee's motion for summary judgment and held that he had the sole right and responsibility to partition the properties. Appellants were also enjoined from interfering with appellee in his management and possession of the properties and in his collection of rents therefrom. Appellants have duly perfected an appeal to this Court. We reverse and remand.

Juan A. Gonzalez and wife, Isabel M. Gonzalez, executed a joint and mutual will on November 1, 1941. Juan A. Gonzalez died on August 25, 1954, leaving his wife and seven children, all named in the will as devisees, surviving. The will was admitted to probate as the last will and testament of Juan A. Gonzalez. Isabel M. Gonzalez qualified as independent execu-

trix under the will and of the estate; she elected to take under the will. Isabel M. Gonzalez died on May 6, 1968, leaving the same named seven children surviving. The will was again admitted to probate in a separate docketed proceeding as her will. Appellee qualified as independent executor of her estate and was acting in such capacity at the time suit was filed.

We believe that the entire will, with the exception of the signatures and the attestation clause, should be set out herein. Such will reads as follows:

"THE STATE OF TEXAS
COUNTY OF NUECES

We, Juan A. Gonzalez, age 61 years, and Isabel M. Gonzalez, age 41 years, husband and wife, both residents of Corpus Christi, Texas, and both being of sound mind, do make this our last will and testament, hereby revoking all other wills heretofore made by either of us.

I. This will covers all property standing in the name or names of each and both of us.

II. I, Juan A. Gonzalez, hereby name and constitute my wife, Isabel M. Gonzalez, independent executrix under this will. If my wife should precede me in death, then I constitute my son, Juan M. Gonzalez, independent executor under this will.

III. I, Isabel M. Gonzalez, hereby name and constitute my husband, Juan A. Gonzalez, independent executor under this will. If my husband should precede me in death, then I constitute my son, Juan M. Gonzalez, independent executor under this will.

IV. We each direct that the executrix or executor under this will shall not be required to make or file any bond, and that no action be taken in the probate court or in any other court in connection with our estates other than to file this will and have it admitted to probate and to file an inventory and appraisement.

V. The spouse who dies first devises and bequeaths all of the estate now or hereafter owned by both spouses or standing in the name of either spouse, in eight (8) equal parts unto the surviving spouse and their seven (7) children: Rosa M. Gonzalez, Juan M. Gonzalez, Jose M. Gonzalez, Arnulfo M. Gonzalez, Alfonso M. Gonzalez, Manuel M. Gonzalez, and Adolfo M. Gonzalez; and the surviving spouse devises and bequeaths all of his or her estate unto their seven (7) children in equal parts.

VI. If any one or more of said seven (7) children should die before the death of either or both of their parents, then and in such event said deceased child's part shall go and pass to his or her child or children, if any, in equal parts; but if such deceased child or children shall not have any child or children, then and in such event, the part which would otherwise pass to said deceased child or children shall pass to the surviving spouse and surviving children of the makers of this will in equal parts.

VII. After both spouses named in this will have died, then any of said children may demand his share of said estate after such child becomes twenty-one (21) years of age, and in such event the executor shall set aside to such child over twenty-one (21) years of age his equal portion of this estate. However, said child may leave his part of said estate in the joint estate belonging to all of them, and in such event it shall continue to be managed by such executor.

VIII. The executor or executrix named under this will shall have full authority to grant, sell, convey and otherwise alienate any part of said estate with the written consent of all children over nineteen (19) years of age, but shall not have authority to grant, sell, convey or otherwise alienate any part of said estate without the written consent of all of said children over nineteen (19) years of age.

IX. The executor or executrix acting under this will shall have full authority to rent, repair and improve all property in said estate, and to have possession of all money, rents, revenues and income from said estate, and authority to use all such funds for the support of all members of said family, and for the maintenance and improvement of all property in said estate, and shall have full authority to invest and reinvest the funds of said estate in such way as the executor or executrix shall deem best for said estate.

X. This is a joint will and is based upon a mutual consideration passing between the husband and wife, and shall never be revoked by either of them without the written consent of the other during their lifetime, and shall never be revoked by the survivor after one of them has died."

On October 25, 1968, appellants demanded a partition and distribution of all properties belonging to their father's estate and of all properties belonging to their mother's estate. This demand was refused by appellee, who, having already taken charge of the properties belonging to both decedents, remained in possession and control thereof. Whereupon suit was filed by appellants against appellee for damages because of an alleged conversion and mismanagement of the properties, for an accounting, for a judicial partition of the properties under the statutes governing partition, for removal of appellee as independent executor of the estate of Isabel M. Gonzalez, and for construction of the said will of decedents. The trial court ordered that the cause of action insofar as it related to the construction of the will be severed and docketed as a separate cause.

Whereupon, the matter of the construction of the will proceeded to trial. Judgment was entered that was favorable to Juan M. Gonzalez. The case was then appealed to this Court. See Gonzalez v. Gonzalez, 457 S.W.2d 440 (Tex.Civ.App., Corpus Christi 1970, wr. ref. n. r. e.).

The majority opinion of this Court in the prior appeal construed the will, as follows:

1. The will is a joint and mutual will;

2. The will devised all of the property, separate and community, owned by the testators at the death of Juan A. Gonzalez, to the wife and the seven children in eight (8) equal parts, one part to the wife and one part to each child;

3. The will created a testamentary trust for the benefit of the wife and the seven children;

4. Isabel M. Gonzalez, by qualifying as independent executrix of the estate of Juan A. Gonzalez, also became a trustee of and for all of the properties owned by the testators at the date of death of Juan A. Gonzalez.

The majority opinion determined and held as follows:

1. Two estates were created by the joint will, (a) one being the estate of Juan A. Gonzalez that consisted of all the property of both spouses, separate and community, on hand and owned by them at the time of his death, and (b) the other being the estate of Isabel M. Gonzalez that consisted of only the property, if any, acquired by her in her individual right after the death of Juan A. Gonzalez and which she may have accumulated as beneficiary under the trust or otherwise;

2. Both estates could be probated;

3. The trust estate was not part of the estate of Isabel M. Gonzalez;

4. The trust came to an end upon the happening of three events: (a) the death of Isabel M. Gonzalez; (b) the attaining of twenty-one (21) years of age of each child; and (c) such child's demand of his equal part of the estate;

5. Since, at the time suit was instituted by appellants, all three of the aforesaid events had occurred; therefore, the tes-

tamentary trust had terminated, both as a matter of fact and as a matter of law;

6. At the time suit was filed, the legal and equitable title to the property owned by Juan A. Gonzalez and wife, Isabel M. Gonzalez had vested in appellants and in appellee;

7. Appellee was an alternate executor of the estate of Juan A. Gonzalez and as such was a possible successor trustee under the will;

8. Appellee had qualified under the will as independent executor of the estate of Isabel M. Gonzalez.

We do not change in any way the construction heretofore made by this Court of the will, nor do we disturb any of the findings and holdings heretofore made by this Court in the branch of this litigation that was presented in the prior appeal.

The issues before us at this time involve only the issues of (a) partition, (b) appointment of a receiver, and (c) injunctive relief. We determine these issues in the light of the construction and rulings by this Court in the prior appeal.

On August 31, 1970, appellants filed an amended application for the appointment of a receiver to take charge of the properties belonging to the estates of the decedents. On January 8, 1971, appellants filed a motion for summary judgment, whereby they sought a decree ordering a statutory partition of such properties, they having already asked for such partition in their First Amended Original Petition, filed on December 23, 1968. On January 22, 1971, appellee filed a motion for summary judgment, whereby it was contended that the will expressly excluded a judicial partition as appellee was empowered by the will to partition such properties. On February 8, 1971, appellee filed in the trial court a duly executed and acknowledged instrument denominated by him as "Trustee-Executor's Deed", whereby he purported to partition certain lands by setting apart certain described lands to appellants jointly for their

share of the lands partitioned and by setting apart to himself certain described lands for his share thereof. Certain conditions were attached thereto. Appellants rejected this tender of partition and strenuously argue that appellee did not have the right, authority or power to execute such a document and they attack the same as being void.

Appellants present five points of error; in effect, they complain of (a) the refusal of the trial court to order a statutory partition of the properties, (b) the judgment by the trial court holding that the appellee has the sole right and responsibility to partition the properties, (c) the refusal by the trial court to appoint a receiver, (d) the granting of appellee's application for injunctive relief, and (e) the denying of appellants' application for injunctive relief.

■ We follow the previous holding by this Court in the prior appeal where it held that the trust had terminated, both in law and in fact, before this suit was instituted. A brief review of certain portions of the will and the correlation of certain factual data therewith is necessary in order to dispose of the issues here presented to us.

Each testator, in the will, appointed the other as primary executor of the estate of the one to die first. Each testator further provided that in the event the other should predecease him or her, as the case may be, "then I appoint my son, Juan M. Gonzalez, independent executor under this will".

Juan A. Gonzalez died first, and Isabel M. Gonzalez, his wife, qualified as independent executrix of his estate and acted in such capacity up until the date of her death. This Court, in the prior appeal, held that she was also trustee for a trust that "was created for the benefit of the wife and children." Therefore, Isabel acted in a dual capacity, both as executrix under the will and as trustee for the properties devised by the will.

While it was theoretically possible for appellee to have succeeded to the executor-

ship of the estate of Juan A. Gonzalez, the fact is that he did not. The will appointed him as executor of his father's estate, only in the event that his mother preceded his father in death. That event did not occur. Irrespective of what could or might have been possible had Isabel M. Gonzalez died, resigned or become incapacitated during the minority of any beneficiary of the trust estate, the fact remains that she did not resign, die or become incapacitated during such period. Isabel M. Gonzalez died on May 6, 1968; at that time all of the children were over 21 years of age; appellants demanded their share of the properties on October 25, 1968; the trust had already · terminated before this suit was filed. Consequently, any possibility that appellee could qualify as executor of the estate of Juan A. Gonzalez was forever foreclosed prior to the filing of this suit.

The joint will of the testators does not appoint, name or designate appellee, or anyone else, as trustee. The will gave the survivor of the testators, upon qualifying as executor or executrix, the powers, the duties, and the obligations of a trustee. Here, Isabel M. Gonzalez, became trustee of the properties by virtue of the testamentary trust created by the will. Appellee has never qualified as executor of the estate of Juan A. Gonzalez; he is now precluded from qualifying as such representative of the estate. He has never been, is not at this time, and can never be trustee of any properties belonging to the trust estate of Juan A. Gonzalez pursuant to any provision of the will.

The fact that appellee has now qualified as executor of the estate of Isabel M. Gonzalez has no bearing or effect on the matter of the partition of the properties formerly belonging to the trust estate of Juan A. Gonzalez. The estate of Isabel M. Gonzalez is limited to just the accumulations that she may have received as a beneficiary of the trust estate and to any other property that she may have acquired subsequent to her husband's death. When the will was first probated as the will of Juan A. Gonzalez, and Isabel M. Gonzalez elected to take under the will, all of her property, both community and separate, owned by her at the date of her husband's death, became part of the trust estate. All of her subsequently acquired property was disposed of in the will, the effect of which was to devise all such property to appellants and appellee, her children.

Appellee contends that he is directed and empowered by the will to make the partition of the subject properties. He says that a reading of the will shows that his mother and father intended that he should perform this function. He argues that the word "executor", as used in Section VII of the will refers to him and him alone because of the provisions in Section II and III wherein he is appointed independent executor upon the happening of the events therein mentioned. As a corollary to this contention, appellee has attempted at least a partial partition whereby he has attempted to set over to appellants jointly certain lands, that he says is equivalent to six-sevenths (%ths) of the lands so partitioned, and has attempted to set over to himself certain lands that he says is equivalent to one-seventh (⅐th) of the lands so partitioned. Such action, if the same is valid, would vest in appellants the full ⅐ths title in all the lands set apart to them and would divest appellee of his ⅐th interest therein; at the same time, it would vest in appellee the full ⅐ths title in all of the lands set apart to him and would divest appellants of their %ths interest therein. No such authority or power is given or conferred upon appellee by the will or trust. We agree with appellants that the purported partition by appellee by executing the aforesaid instrument which he says is a tender of partition is void and is not binding on them. See State v. Kirkpatrick, 299 S.W.2d 394 (Tex.Civ.App., Dallas 1957, wr. ref. n. r. e.). Even if he were the executor, and irrespective of his contentions, there is an absolutely compelling reason why it must be held that he does not have the authority to partition such properties.

The will does not partition or distribute the estate, nor does it provide the method or the means for its partition by appellee or by anyone else. It is settled law that under such circumstances the executor does not have the power or authority to partition such properties in his sole discretion. Terrill v. Terrill, 189 S.W.2d 877 (Tex.Civ. App., San Antonio 1945, wr. ref., opinion by Justice Norvell); Clark v. Posey, 329 S.W.2d 516 (Tex.Civ.App., Austin 1959, wr. ref. n. r. e.).

■■ If a will distributes the entire estate of the testator, or provides a means for partition, an independent executor may exercise his own discretion in determining when the distribution is to be made. Parks v. Knox, 61 Tex.Civ.App. 493, 130 S.W. 203 (1910, n. w. h.); however, it is well established that the power of an executor to distribute an estate does not include the right to partition undivided interests. Terrill v. Terrill, supra.

In Johnson v. Short, 43 Tex.Civ.App. 128, 94 S.W. 1082 (1906), the executor and a devisee entered into an agreement whereby the devisee agreed to accept a certain sum of money as the full share of property to which he was entitled under the will. The Court refused to approve the agreement and said:

"No such power is to be found in the will, either expressly or by necessary implication * * *."

Our Supreme Court, in McDonough v. Cross, 40 Tex. 251 (1874), said:

" * * * It can hardly be thought the executor is authorized by such a will to change the devise of the testator from an undivided part of the estate into a specific part thereof, selected and designated by him at his mere will and pleasure, especially when he is one of the devisees among whom it is to be partitioned. Nor do we see that the settlement of the estate requires that he shall determine for the devisees whether they shall accept the money value of their in-

terest in the land devised, or an undivided interest in the land itself."

The same reasoning and logic applies to the case at bar. We follow the rationale of the Supreme Court in disposing of the question of partition of the subject properties.

Appellee relies on Kimble v. Baker, 285 S.W.2d 425 (Tex.Civ.App., Eastland 1955, n. w. h.), in support of his position that he was authorized by the will to partition the trust properties. That case is not controlling in this appeal for there the trustees had uncontrolled discretion in carrying on the business, and the will authorized them "to distribute the whole or any part of my estate in kind by undivided shares or otherwise in the absolute discretion of the trustees". No such authorization appears in the will involved in this appeal. No such power is to be found in the will, either expressly or by implication. It was not the province of appellee to determine the manner in which the property would be partitioned. It was not the intention of the testators to permit appellee to determine for appellants the identity of any specific property that will be theirs in severalty upon a partition. This is illustrated by the provisions of Section VIII of the will, where it is stipulated that the executor could sell or alienate properties belonging to the estate *only* upon written consent of *all* of the children over 19 years of age.

We hold that the will, insofar as the question of partition of properties is concerned, did not distribute any particular item or class of property to any devisee to the exclusion of any other devisee, nor did it partition any property in any manner, nor did it set out or prescribe any means or method whereby any property could be partitioned. We also hold that appellee never qualified as executor of the estate of Juan A. Gonzalez and that the facts and circumstances in existence at the time suit was filed prevent him from ever qualifying or acting in such capacity. At the time this suit was instituted, the subject properties were owned by appellants and by

appellee as tenants in common, with each owning an undivided one-seventh (⅐th) interest therein. The rights of all such parties in and to such properties were equal and neither possessed, owned nor was entitled to any right that was superior or paramount to the right of any of the others. Therefore, we hold that appellee does not have a right and responsibility to partition the properties involved in this appeal any greater than that which exists in the appellants.

Legal title to all of the properties having vested in appellants and in appellee as tenants in common upon the termination of the trust without necessity of a transfer or conveyance to them of the title by any person, trustee, executor, or otherwise, and as the will creating the trust did not partition or distribute the properties and did not provide the method or means to partition same upon termination of the trust, we hold that appellants are entitled to a judicial partition of the properties involved in this appeal under the statutes governing actions for partition. Appellants' first and second points are sustained.

Appellants also assert that the trial court erred in denying their application for appointment of a receiver. The record before us demonstrates that appellants and appellee have been at loggerheads continuously since appellants first made their demand for partition in October 1968. Charges and countercharges have been hurled at. random by the parties. Serious accusations have been the rule. The controversies which have arisen between appellants and appellee have become so bitter and personal that it is virtually impossible to settle any of the disputes or resolve any of the differences by amicable means or by voluntary agreement. To say that appellants and appellee have entered into a state of quarrelsome disagreement is putting it mildly, and is, definitely an understatement of the relationship now en-

joyed by these parties. We are convinced that the sooner a partition is made, the better it will be for all parties. The troubles that have ensued and the litigation now in progress must be brought to a speedy end. We see no practical solution to any of the problems presented except through partition and receivership.

The trial court overruled appellants' application for the appointment of a receiver to take charge of the estate properties until such time as a judicial partition could be accomplished. The trial court said, before hearing any evidence, that he would deny the application. Appellants then inquired of the trial court whether the tender of evidence or testimony would alter or make any difference in the ruling of the court. They were informed that it would not. Whereupon appellants made a Bill of Exceptions, wherein appellee was examined by counsel for appellants. The testimony of appellee, in summary, is that his mother and father wanted him to divide the estate, that the will authorized him to make the partition in his sole discretion, that he has been prudent and careful in his management of the estate, that his brothers and sister have no legal right to complain, that difficulties have arisen between him and appellants concerning the properties, and that he had taken charge of all of the property under an order of the District Court of Nueces County, Texas.

Receivership proceedings, generally, are made available through the provisions of Article 2293, Vernon's Ann.Civ.St. The statute provides, in part, that a receiver may be appointed by a court of competent jurisdiction in an action "on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured". The statute also authorizes the appointment of a receiver "in all other cases where receivers have here-

tofore been appointed by the usages of the court of equity".

■ Appellants have acquired their interest in the lands sought to be partitioned. Therefore, they have for the purposes of appointment of a receiver, at least a probable interest in such lands. When the appointment of a receiver is sought in such situation, the receivership extends to the entire property, does not operate to the exclusive benefit of the applicant, but preserves the property for the benefit of all parties interested therein. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800 (1940); M. Guerra & Son v. Manges, 442 S.W.2d 441 (Tex. Civ.App., Waco, 1969, wr. dism.).

■ In our opinion, the appointment of a receiver will solve most, if not all, of the vexations and problems confronting the parties on the issue of partition, as well as management of the properties. Appellants certainly were entitled to invoke the provisions of Art. 2293, V.A.C.S., as an action between persons jointly interested in property where it is shown that the property or fund is in danger of being lost, removed or materially injured. O'Connor v. O'Connor, 320 S.W.2d 384 (Tex.Civ.App., Dallas, 1959, wr. dism.), and the cases cited therein. Appellants were, at least, entitled to present evidence in connection with their application.

From the pleadings, the extended colloquy between the trial judge and counsel for all parties, the statements in the record made by counsel for both appellants and appellee, the efforts after judgment on the part of appellee for additional injunctive relief, and from quite frank comments made before this Court in oral argument, it is our opinion that it has been shown that a real necessity exists for the appointment of a receiver to take charge of the properties involved in this appeal. The trial court erred in overruling appellants' application for the appointment of a re-

ceiver. Appellants' third point is sustained.

The record further shows that appellee had posted a bond in the sum of $125,000.-00; this bond was filed in the Probate Court of Nueces County, Texas, in the Isabel M. Gonzalez Estate, conditioned that Juan M. Gonzalez, in his capacity of "permanent independent executor of the estate of Isabel M. Gonzalez shall well and truly perform all the duties required of him by law * * *" Presumably, this bond was filed pursuant to order of the District Court of Nueces County, Texas, made in this case.

■ We do not believe that the bond affords any protection to appellants in the matters now in litigation. Appellants own an "interest" in land and they have applied to the district court for appointment of a receiver to protect such interest. The posting of a bond in the probate court under the provision of Section 149, of the Probate Code, V.A.T.S., is inadequate where the appointment of a receiver is sought in an action in the District Court that is independent of the probate matter. The inadequacy of such relief in a District Court is even more apparent where parties are seeking to protect their interest in land. Traditionally, in our system of law, the payment of money is not an adequate substitute for the land. Metting v. Metting, 431 S.W.2d 906 (Tex.Civ.App., San Antonio 1968, n. w. h.); Blalack v. Blalack, 424 S.W.2d 646 (Tex.Civ.App., Texarkana 1968, n. w. h.).

For the reasons already noted, in our opinion, the trial court erred in granting a permanent injunction against appellants, restraining and enjoining them from interfering with appellee's collection of rents and possession and management of the subject property. Appellants have as much right to the possession and management of the properties and to the rents therefrom as does appellee. The obvious fact that the parties cannot agree among themselves as

to these items is further proof of the necessity for the appointment of a receiver. The injunction is ordered dissolved. Appellants' fourth point is sustained.

Appellants are not entitled to injunctive relief against appellee. Their fifth point is overruled.

In view of the disposition that we have made of this case, there is no need to consider or pass on the cross points raised by appellee in this appeal.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

SHARPE, Justice (concurring).

I concur in the judgment of this court reversing the judgment of the trial court and remanding the case for new trial on the basis of the holdings and reasons separately set out in this opinion.

I agree that the summary judgment and permanent injunction should not have been granted in favor of appellee. It is also my view that the trial court should hear evidence in connection with appellants' application for a receiver; that the trial court may, among other things, re-consider appellants' motion for partial summary judgment under Texas Rules of Civil Procedure, rule 166–A, as amended effective January 1, 1971, in the light of the record which can properly be considered as summary judgment evidence, but without restricting the trial court to that procedure in connection with partition and distribution of the properties belonging to the joint owners. See Rule 776, T.R.C.P. I also agree that appellants' point five (relating to their application for injunctive relief) should be overruled on the basis of the record presented here, and that this cause should be remanded for a completely new trial.